CITY OF CUYAHOGA FALLS, Appellee,

v.

COUP–PETERSON, Appellant.

[Cite as *Cuyahoga Falls v. Coup–Peterson* (1997), 124 Ohio App.3d 716.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18516.

Decided Dec. 24, 1997.

*Hope L. Jones*, Cuyahoga Falls City Prosecutor, for appellee.

*Jeffrey N. James*, for appellant.

SLABY, Judge.

The appellant, Heidi Coup–Peterson, appeals from the imposition of court costs by the Cuyahoga Falls Municipal Court after charges against her were dismissed by the prosecutor. We reverse.

The appellant was charged with one count of domestic violence, in violation of Cuyahoga Falls Municipal Ordinance 537.14(a). She entered a plea of not guilty at her arraignment. On April 29, 1997, the appellant was present before the

court and ready to proceed with the requested jury trial. Prior to the commencement of trial, the city of Cuyahoga Falls dismissed the charge pursuant to Crim.R. 48(A).[1] The trial court granted the prosecution's request for dismissal, but assessed $50 in court costs to the appellant. At no time was there any proceeding, adjudication, or finding of guilt on the part of the appellant. The appellant brings this appeal, raising a single assignment of error:

"The court erred and violated Appellant's constitutional right of due process in assessing Appellant court costs, absent a finding of guilt, following the City of Cuyahoga Falls' dismissal of the criminal charge against Appellant."

The appellant argues that the trial court was without authority to assess the court costs to her. The Fifth Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits governmental actions that deprive "any person of life, liberty or property, without due process of law." The appellant contends that she was deprived of her property without due process. We agree.

In criminal cases, where a defendant has been found guilty and sentenced, "the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C. 2947.23. If a jury has been sworn at a trial of the case, the jurors' fees are also included in the costs assessed. *Id.*

However, there is no authority for a court to assess costs against a defendant who has not been sentenced, absent an agreement otherwise between the parties. In fact, an Ohio Attorney General Opinion states:

"Under the provisions of Section 2947.23 Revised Code, the per diem fees of jurors in a criminal case * * * constitute a part of the costs of prosecution for which judgment shall be rendered against a convicted defendant * * *.

"* * *

"Note that judgment shall be rendered for costs of prosecution 'against a convicted defendant.' An acquitted or *an innocent defendant is not required to pay * * * fees.*" (Emphasis added.) 1969 Ohio Atty.Gen.Ops. No. 69–081.

Furthermore, R.C. 2901.05(A) provides that "[e]very person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt * * *." *State ex rel. Lipschutz v. Shoemaker* (1990), 49 Ohio St.3d 88, 91, 551 N.E.2d 160, 163 (A. William Sweeney, J., dissenting).

---

1. Crim.R. 48(A) pertains to a dismissal by the state, and provides: "The state may by leave of court and in open court file an entry of dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

The appellant in this case was not proven or otherwise found to be guilty. Therefore, she is an innocent defendant and is not required to pay fees.

The appellant's assignment of error has merit and is sustained. The judgment of trial court assessing court costs to the appellant is reversed.

*Judgment reversed.*

DICKINSON, P.J., and QUILLIN, J., concur.