The STATE of Ohio, Appellee,

v.

POSEY, Appellant.

[Cite as *State v. Posey* (1999), 135 Ohio App.3d 751.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19266.

Decided July 7, 1999.

752

David C. Perduk, for appellant.

*Joseph W. Diemert, Jr.*, Director of Law, and *Frederick W. Andreas*, Assistant Director of Law, for appellee.

BAIRD, Presiding Judge.

Defendant-appellant Michael Posey ("defendant") appeals from the order of the Common Pleas Court of Summit County requiring him to pay $4,334.82 in towing, storage, and repair charges incurred as the result of the seizure and impoundment of his automobile. We reverse.

Defendant was arrested on the morning of November 8, 1996, and charged with driving under the influence, in violation of R.C. 4511.19(A)(1), and driving with a suspended license, in violation of R.C. 4511.192. Because defendant had been convicted of driving under the influence within the previous six years, police seized and impounded his 1986 Chrysler in accordance with R.C. 4511.195.

A few hours after his arrest, defendant was arraigned in the Cuyahoga Falls Municipal Court where he pleaded "not guilty" to both charges. A preliminary hearing set for November 22, 1996 was continued upon motion of the state until "further notice of [the] Court."

On December 31, 1996, defendant was bound over to the Common Pleas Court of Summit County. Two months later, the Summit County Grand Jury indicted him on the two charges for which he had originally been arrested. He again pleaded "not guilty" to both charges.

On April 4, 1997, defendant moved for return of his automobile. Six days later, the state filed a notice of forfeiture pursuant to R.C. 4511.99(A)(4)(b).

On January 8, 1998, defendant withdrew his not guilty plea and pleaded "guilty" to the charge of driving under the influence. The court then dismissed the charge of driving while under suspension, granted the state's motion for forfeiture, and ordered the Clerk of Courts to issue to the city of Macedonia clear title to defendant's automobile. The police department retrieved the automobile from the impound lot owner, who waived the impound fees upon the condition that the automobile be used by the police in undercover drug enforcement work. The city then spent $734.82 repairing the automobile.

Prior to sentencing, defendant moved to withdraw his guilty plea. The trial court granted the motion, and the case proceeded to trial in May 1988. A jury found defendant not guilty of driving under the influence but guilty of driving under suspension. Defendant again moved the court to order the return of his automobile.

Following a hearing on defendant's motion, the trial court determined that the automobile had been lawfully impounded upon the arrest of defendant and that

forfeiture of the automobile had been lawfully ordered in compliance with R.C. 4503.234 and 4511.99 upon acceptance of defendant's January 1998 guilty plea. The court further determined that the city had acted in good faith, and in reliance on the court's forfeiture order, in making reasonable and necessary repairs to the automobile and that defendant had failed to enter a timely objection to the forfeiture order. The court ordered that the automobile be returned to defendant only upon his payment to the city of $3,600 for towing and storage charges and $734.82 for repairs.

Defendant filed a timely notice of appeal and asserts a single assignment of error:

"The trial court erred as a matter of law by ordering the return of defendant's vehicle contingent upon payment of towing, storage and repair costs."

In his assignment of error, defendant argues that (1) since he was ultimately found not guilty of driving under the influence, the forfeiture of his automobile became a legal nullity, (2) ordering defendant to pay $4,334.82 for towing, storage, and repairs for an automobile worth substantially less than that amount constitutes a forfeiture, and (3) assuming the fees for towing, storage, and repairs were properly ordered pursuant to R.C. 4511.195(D)(2), the statute is unconstitutional as applied because it punishes defendant despite his innocence, deprives him of property without due process of law and without compensation, and amounts to an excessive fine.

When an individual is arrested for driving under the influence of alcohol or drugs and has, within the previous six years, pleaded guilty or been convicted of the same offense or a substantially similar offense, the arresting office is required to seize the vehicle the person was operating at the time of the offense. R.C. 4511.195(B)(1). At or before the individual's initial appearance on the charge, he may move the court to order that his vehicle be returned. R.C. 4511.195(B)(3). The individual's initial appearance on the charge is to be held within five days of his arrest or issuance of a citation. R.C. 4511.196(A). The court may "in its discretion" order the return of the vehicle. R.C. 4511.195(B)(3). Upon "final disposition" of the charge, if the individual is convicted of or pleads guilty to driving under the influence and has within the previous six years been convicted of three or more violations of driving under the influence, the trial court is required to order the criminal forfeiture of the vehicle the offender was operating at the time of the offense. R.C. 4511.195(D)(1); 4511.99(A)(4)(a) through (b).

Defendant had been convicted of driving under the influence three times within six years of the arrest at issue in this case. As a result, if his guilty plea had been the final disposition of the 1996 charge, the trial court could have properly ordered the forfeiture of defendant's vehicle. In this case, however, the

trial court allowed defendant to withdraw his guilty plea. At that point, the original charges against defendant were restored, and entry of the guilty plea was not the "final disposition" of those charges. See, *e.g.*, *State v. Johannes* (Apr. 22, 1981), Athens App. No. 1060, unreported, 1981 WL 10263 (Stephenson, J., concurring). Upon vacating the guilty plea, the trial court no longer had authority to order forfeiture of defendant's automobile. As a result, the forfeiture order was effectively vacated at the same time as the guilty plea.

Because defendant was later found not guilty of driving under the influence, the trial court properly ordered that his automobile be returned to him. The trial court erred, however, in ordering defendant to pay towing, storage, and repair costs as a condition of return.

■ R.C. 4511.195 does not condition the return of an innocent defendant's vehicle on the payment of repair costs. Although the costs at issue in this case are not "court costs" or "costs of prosecution" as those terms are generally construed, the principles applicable to the assessment of all such costs are the same. In the context of court costs, this court has held that "there is no authority for a court to assess costs against a defendant who has not been sentenced, absent an agreement otherwise between the parties." *Cuyahoga Falls v. Coup-Peterson* (1997), 124 Ohio App.3d 716, 717, 707 N.E.2d 545, 546; *State v. Cochran* (Apr. 14, 1999), Summit App. No. 19286, unreported, at 3–4, 1999 WL 241226. R.C. 2947.23 authorizes a trial court to assess the costs of prosecution only where a defendant has been found guilty and sentenced. Assessment of such costs against an innocent defendant deprives that defendant of property without the due process of law guaranteed by the Fifth Amendment to the United States Constitution. *Coup-Peterson*, 124 Ohio App.3d at 717, 707 N.E.2d at 545–546. Thus, if R.C. 2947.23 were the only relevant statute, all of the charges levied upon defendant as a condition to the return of his automobile would have been in error on the basis of that statute alone.

■ In this case, however, there is statutory authority for the assessment of towing and storage charges against an innocent defendant. R.C. 4511.195(D)(2) provides that, if a vehicle operator is found not guilty of driving under the influence, the court must order the immediate return of the vehicle to the owner "upon the payment of expenses or charges incurred in its removal and storage." This statute does not authorize, however, the imposition of vehicle repair costs against an innocent defendant. Thus, at a minimum, the trial court did not have authority to order defendant to pay $734.82 for repairs as a condition to the return of his automobile.

■ As to that portion of the trial court's order requiring that defendant pay the expenses incurred in the removal and storage of his vehicle pursuant to R.C.

4511.195(D)(2), the statute is unconstitutional as applied because it deprives an individual who has been found not guilty of his property without due process of law.[1]

The version of R.C. 4511.195 that is before this court has not been addressed previously by an Ohio court in the context of individuals who have been arrested for driving under the influence and later found not guilty, and who are also the owners of the vehicles which they were driving at the time of the alleged offense.[2] However, in the context of non-driver owners, the Ohio Supreme Court has held that "R.C. 4511.195 is unconstitutional as applied to the owner of a vehicle that has been seized and immobilized because the vehicle was being operated by a third person when that person was arrested on a drunk-driving charge." *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 668 N.E.2d 457, paragraph three of the syllabus. The Ohio Supreme Court's reasoning in *Hochhausler* is instructive in the context of the case before this court.

 "Due process under the Ohio and United States Constitutions demands that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner where the state seeks to infringe a protected liberty or property interest." *Id.* at 459, 668 N.E.2d at 463, citing *Greene v. Lindsey* (1982), 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249; *Boddie v. Connecticut* (1971), 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113, 119; *Williams v. Dollison* (1980), 62 Ohio St.2d 297, 299, 16 O.O.3d 350, 351, 405 N.E.2d 714, 716. "[T]he concept of due process is flexible and varies depending on the importance attached to the interest and the particular circumstances under which the deprivation may occur." *Hochhausler, supra,* at 459, 668 N.E.2d at 463, citing *Walters v. Natl. Assn. of Radiation Survivors* (1985), 473 U.S. 305, 320, 105 S.Ct. 3180, 3189, 87 L.Ed.2d 220, 232.

 In determining what process is due to protect an individual against an erroneous deprivation of a property interest, a court may consider the factors set forth set forth in *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33:

---

**1.** The state argues that defendant's vehicle could have been seized and ordered to be forfeited on the basis of his conviction of driving under suspension. This theory of liability was not pursued by the state in the lower court. The notice of seizure and forfeiture provided to defendant states that his vehicle was seized pursuant to R.C. 4511.195 (driving under the influence) and was *not* "seized under 4507.38 only (DUS or wrongful entrustment)."

**2.** Prior to October 4, 1996, R.C. 4511.195 did not include the provision that an innocent owner's vehicle be returned "upon the payment of expenses or charges incurred in its removal and storage." *State v. Estep* (June 26, 1995), Ross App. No. 94CA2007, unreported, 1995 WL 392878, considered the pre-October 1996 version of the statute.

"[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

An individual's private interest in the continued possession and use of a vehicle is substantial. *Hochhausler*, 76 Ohio St.3d at 460, 668 N.E.2d at 463–464. "[A]n individual whose vehicle is seized pursuant to R.C. 4511.195 must wait until the initial appearance on the criminal violation, which must occur within five days of arrest, for the first opportunity to recover the vehicle. Such a delay, with no statutory mechanism to provide for immediate review, significantly increases the weight of the private interest of the vehicle owner." *Id.* at 466, 668 N.E.2d at 468.

The risk of erroneous deprivation of a vehicle is "extremely high under the summary seizure provisions of R.C. 4511.195." *Id.* at 467, 668 N.E.2d at 468.

"Unlike the relatively straightforward factual situations involved in an administrative license suspension, vehicle seizure and immobilization are inextricably linked with the drunk-driving charge, which presents a wide array of factual issues that have a direct impact on the resolution of the vehicle impoundment. Because the factual disputes are not resolved until trial on the criminal charge, the likelihood of erroneous deprivation is significantly higher than in an ALS. Although the erroneous deprivation ultimately would be terminated, given the importance of the property interest affected, even the temporary denial of possession and use of the vehicle inflicts too severe a hardship on the individual wrongfully deprived." *Id.*

The governmental interest in protecting the public by removing persons who operate motor vehicles while intoxicated is compelling. *Id.* In *Hochhausler*, however, the Ohio Supreme Court noted that the "lack of a direct effect on public safety is readily apparent" under "the statutory scheme of R.C. 4511.195 [which] is designed to remove from public roadways the *instrumentality* of the drunk-driving offense regardless of whether the vehicle is owned by the person arrested for that offense." (Emphasis *sic.*) *Id.* at 467, 668 N.E.2d at 468. The court concluded that "the governmental interest advanced under R.C. 4511.195 is insufficient to outweigh the private interest in a vehicle and the attendant risk of erroneous deprivation under the present statutory scheme, and does not justify the deprivation of a vehicle owner's property interest when that vehicle is operated by a third party." *Id.* at 468, 668 N.E.2d at 469. The court held R.C. 4511.195 to be unconstitutional as applied to a vehicle owner when the vehicle was driven by a third person who was arrested on a drunk driving charge. *Id.*

In a similar context, the United States District Court for the Southern District of Ohio found R.C. 4507.38, which requires that an arresting officer seize and immobilize any vehicle operated by an individual driving without a valid driver's license, unconstitutional as to non-driver vehicle owners. *Kutschbach v. Davies* (S.D.Ohio 1995), 885 F.Supp. 1079, 1092–1093. R.C. 4507.38 is virtually identical to R.C. 4511.195 with respect to the innocent owner of a vehicle that was driven by a third party at the time of the third party's arrest. After applying the *Mathews* test, the district court concluded that the violation to due process by R.C. 4507.38 was "manifest" and that "the procedures set forth in the statute virtually ensure the erroneous deprivation of * * * property." *Id.* The court noted that even the innocent-owner protections then set forth in R.C. 4503.235 did not provide a meaningful post-deprivation remedy because they did not allow an innocent owner to assert his defense until the trial of the arrested person. *Id.* at 1091. While R.C. 4507.38, like R.C. 4511.195, permits the innocent owner to move for return of the vehicle at the initial appearance of the arrested person, the initial appearance may be delayed for up to five days after arrest and, even then, the court is not required to return the vehicle to the innocent owner. R.C. 4507.38(C)(1), (2)(a). Return of the vehicle is solely within the discretion of the court. R.C. 4507.38(C)(2)(a).

In the present case, the risk of erroneous deprivation of the automobile of an arrested person who is later found not guilty is extremely high. R.C. 4511.195 permits the government to deprive an individual who is presumed innocent of his property until that individual is adjudicated not guilty, which in this case was eighteen months after arrest, and until the owner pays the government the costs accrued in creating the deprivation. Although the statute permits the owner to move for return of his vehicle at or before his initial appearance, granting the motion is solely within the court's discretion.

The dearth of safeguards in R.C. 4511.195 for owners who are found not guilty is apparent by the magnitude of the deprivation in this case. The statute, as currently drafted, does not require the trial court to timely rule on a defendant's motion for return of his automobile. The statute does not even require that the notice of seizure advise the arrested person that he may request the return of his vehicle at or before his initial appearance.

The governmental interest in protecting the public by removing persons who operate motor vehicles while intoxicated is compelling. However, the lack of a direct effect on public safety is readily apparent in this case under R.C. 4511.195, which indefinitely removed the vehicle owned by the person arrested even when he was ultimately found not guilty of the charge for which he was arrested.

Defendant was not convicted of the underlying offense on which towing and impoundment of his automobile was premised. His culpability was not proven by

the state, he was not sentenced, and his automobile was not shown to have any connection to a conviction for driving under the influence. As a result, the eighteen-month deprivation of his automobile and the requirement that he pay for towing and storage charges before the vehicle is returned violates the Due Process Clauses of both the Ohio and United States Constitutions. This court concludes that R.C. 4511.195 is unconstitutional as applied to vehicle owners who are adjudicated not guilty of driving under the influence but who have been indefinitely deprived of their vehicles and ordered to pay the costs associated with that deprivation.

Defendant's assignment of error is sustained. The decision of the trial court is reversed. The city of Macedonia is ordered to return defendant's automobile to him immediately without the imposition of any towing, storage, or repair charges.

*Judgment reversed.*

SLABY and WHITMORE, JJ., concur.