The STATE of Ohio, Appellee,

v.

HEINRICH, Appellant.

[Cite as *State v. Heinrich* (2001), 142 Ohio App.3d 654.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2000–09–174.

Decided May 14, 2001.

*Robin Piper,* Butler County Prosecuting Attorney, and *Daniel G. Eichel,* for appellee.

*Fred Miller,* for appellant.

VALEN, Presiding Judge.

Defendant-appellant, Dennis Heinrich,[1] appeals a Butler County Court of Common Pleas decision ordering the release of appellant's impounded vehicle but denying appellant's request that the state of Ohio pay for storage costs.

Appellant was indicted on a charge of driving while under the influence of alcohol (his fourth offense) in violation of R.C. 4511.19(A)(1). Appellant pled not guilty, and his case was tried to a jury. The jury returned a verdict of not guilty. Appellant filed a motion requesting the release of his vehicle, which had been seized and impounded at the time of his arrest. In this motion, appellant also asked that the storage costs be charged against the state. The trial court ordered the immediate release of the vehicle to appellant but denied appellant's request that the state pay for storage. Appellant appeals, raising one assignment of error:

"The trial court erred to the prejudice of defendant-appellant when it did not order the state to pay the cost of storage of his automobile."

R.C. 4511.195(D)(2) states:

"If the vehicle operator is found not guilty of the violation of division (A) of section 4511.19 of the Revised Code or of the municipal OMVI ordinance, the court shall order that the vehicle and its license plates immediately be released to the vehicle owner upon the payment of any expenses or charges incurred in its removal and storage."

■ It is unconstitutional to apply R.C. 4511.195(D)(2) to order a person who has been adjudicated not guilty of driving while under the influence of alcohol to pay the costs of storing his impounded vehicle, as such an order would deprive the person of his property without due process of law. *State v. Posey* (1999), 135 Ohio App.3d 751, 759, 735 N.E.2d 903, 908; see, also, *D & B Immobilization v. Dues* (1997), 122 Ohio App.3d 50, 55, 701 N.E.2d 32, 35 (finding that a defendant was entitled to immediate release of his vehicle without imposition of towing or immobilization charges after his charge for driving under suspension was dismissed).

■ The trial court's order to release appellant's impounded vehicle was proper pursuant to R.C. 4511.195(D)(2). However, the trial court's denial of

1. Appellant's name is spelled "Heinrich" in some of the trial court's documents and "Heinrick" in other documents. Even appellant's brief contains both spellings of his last name. For purposes of this appeal, we adopt "Heinrich" as the proper spelling, as this is the spelling used by the trial court in the judgment entry from which this appeal has been taken.

appellant's request to charge the state for storage costs without assigning any other government entity responsibility for these costs was tantamount to requiring appellant to pay for these costs. By so doing, the trial court violated appellant's due process rights.

On appeal, the state concedes that appellant should not be required to pay the storage costs for his impounded vehicle. However, the state contends that appellant's request that the state pay for storage was properly overruled because these expenses are a matter between the police department and/or city and the private towing and storage company that has been hired to provide the services. Appellant's reply brief indicates that appellant has already paid the storage costs and is now requesting reimbursement for these expenses.

A Butler County deputy sheriff originally arrested appellant in the city of Hamilton and completed the immobilization form. We remand this matter to the trial court to determine which government entity should be charged for the costs of storing appellant's vehicle and to order that entity to reimburse appellant for expenses that he has already paid in order to retrieve his vehicle. The assignment of error is sustained.

The judgment is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

WALSH and POWELL, JJ., concur.