OPINION
{¶ 1} Appellant filed this appeal because he was ordered to pay court costs in the Mahoning County Court of Common Pleas, Juvenile Division, after his delinquency case was dismissed by the prosecutor's office. The order to pay court costs was incorrect and we hereby modify the court's journal entry pursuant to the Opinion herein.
 {¶ 2} On October 23, 2001, a delinquency complaint was filed against juvenile Appellant Paul Graham, alleging possession of marijuana. The case was assigned to a magistrate. At a hearing held on January 29, 2002, the assistant prosecutor assigned to this matter moved to dismiss the complaint. That same day, the magistrate filed Findings of Fact and Conclusions of Law ordering the case to be dismissed and discharging Appellant. On March 7, 2002, the juvenile court judge filed an entry ordering the case to be dismissed and also ordering Appellant to pay court costs of $72 within thirty days. Appellant filed this timely appeal on March 25, 2002.
 {¶ 3} Appellee has not filed a brief in this appeal, and this Court may accept Appellant's statement of the facts and issues as correct and reverse the judgment if Appellant's brief reasonably appears to sustain such action. App.R. 18(C).
 {¶ 4} Appellant's sole assignment of error asserts:
 {¶ 5} "The Court erred and violated Appellant's constitutional right to due process when it assessed Court costs following a dismissal of the Complaint."
 {¶ 6} Appellant argues that the juvenile court has no authority to assess court costs against a juvenile whose delinquency case is dismissed. Appellant is correct in this argument.
 {¶ 7} R.C. 2152.20, a new statute effective January 1, 2002, states in pertinent part:
 {¶ 8} "(A) If a child is adjudicated a delinquent child or a juvenile traffic offender, the court may order any of the following dispositions, in addition to any other disposition authorized or required by this chapter:
 {¶ 9} "* * *
 {¶ 10} "(2) Require the child to pay costs;" (Emphasis added.)
 {¶ 11} R.C. 2152.20(A)(2) was effective at the time the judgment entry under review was issued.
 {¶ 12} Appellant interprets R.C. 2152.20(A)(2) to mean that court costs may be assessed if and only if a child is actually adjudicated a delinquent. This interpretation would be consistent with similar statutes involving adult criminal prosecutions, where court costs may only assessed if a defendant is actually convicted and sentenced, and assuming that no agreement has been entered into otherwise. R.C. 2947.23; Statev. Posey (1999), 135 Ohio App.3d 751, 135, 735 N.E.2d 903; Cuyahoga Fallsv. Coup-Peterson (1997), 124 Ohio App.3d 716, 717, 707 N.E.2d 545; Statev. Powers (1996), 117 Ohio App.3d 124, 128, 690 N.E.2d 32. These cases stand for the proposition that it is a violation of a defendant's due process rights to be required to pay court costs after acquittal or dismissal of a criminal case.
 {¶ 13} R.C. 2151.54 also applies to this case, but does not give the juvenile court any additional authority to impose court costs against Appellant. R.C. 2151.54 reads in pertinent part:
 {¶ 14} "The juvenile court shall tax and collect the same fees and costs as are allowed the clerk of the court of common pleas for similar services. No fees or costs shall be taxed in cases of delinquent, unruly, dependent, abused, or neglected children except as required by section 2743.70 or 2949.091 of the Revised Code or when specifically ordered by the court. * * *"
 {¶ 15} Although the statute appears to allow the juvenile court to tax court costs even when costs are not specifically permitted by R.C.2743.70 or 2949.091 (neither of which apply here), the first part of this statute only allows the taxing of court costs, "as are allowed the clerk of the court of common pleas for similar services." As pointed out above, a court of common pleas is not permitted to assess court costs against a defendant in criminal cases unless the defendant is actually convicted and sentenced. Although delinquency cases are distinguishable from criminal cases in many aspects, juveniles retain many of the same due process rights in delinquency proceedings as their adult counterparts in criminal prosecutions. See In re Anderson (2001), 92 Ohio St.3d 63,65-66, 748 N.E.2d 67. Therefore, no court costs should be assessed against a juvenile when a delinquency case is dismissed, just as no court costs would be taxed against a criminal defendant in a court of common pleas if the case were dismissed.
 {¶ 16} For these reasons, Appellant's single assignment of error is sustained. We hereby modify the March 7, 2002, judgment entry by removing section (2) of the order which assessed $72 in court costs against Appellant. Costs of this appeal are taxed against the state.
Donofrio and DeGenaro, JJ., concur.