The STATE of Ohio, Appellee; City of Cheviot, Appellant,

v.

SCHULTE, Appellee.*

[Cite as *State v. Schulte,* 154 Ohio App.3d 367, 2003-Ohio-3826.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–020673 and C–020674.

Decided July 18, 2003.

---

* Reporter's Note: The court sua sponte removed this cause from the accelerated calendar.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Thomas J. Boychan Jr., Assistant Prosecuting Attorney, for appellee state of Ohio.

Robert Mecklenborg, for appellant.

Timothy A. Smith, for appellee William C. Schulte.

---

MARK P. PAINTER, Judge.

{¶ 1} Intervenor/appellant, the city of Cheviot, appeals from the trial court's dismissal of its Civ.R. 24(A) motion to intervene. We affirm.

{¶ 2} A Cheviot police officer seized appellee William C. Schulte's car under R.C. 4511.195 after arresting Schulte for several traffic violations, including driving under the influence of alcohol in violation of R.C. 4511.19(A)(1).

{¶ 3} Before trial, the court ordered the vehicle returned to Schulte. But the impoundment lot required Schulte to pay $1,290 in fees before it would release the vehicle. Schulte paid. The operator of the impoundment lot gave him a receipt entitled "Cheviot Police Department."

{¶ 4} After the trial court granted a suppression motion, holding that there was no probable cause to arrest Schulte, both sides agreed to submit the case to the court for trial on the evidence adduced at the suppression hearing. Schulte was acquitted. He then asked for his impoundment fees to be reimbursed.

{¶ 5} Over the assistant prosecutor's objection, the trial court ordered Cheviot to return the money Schulte had paid. Cheviot moved to intervene approximately two months after the trial court had found Schulte not guilty and had granted his oral motion for reimbursement of the impoundment-related fees, claiming that it should not have to pay. The trial court denied the motion. We note that

Cheviot relied on Civ.R. 24 because, while Schulte's arrest for operating a motor vehicle under the influence of alcohol involved a criminal statute, the seizure and impoundment of his vehicle were civil in nature.[1]

{¶ 6} We review the trial court's denial of a motion to intervene under an abuse-of-discretion standard.[2] Before a party may intervene, all of the following elements must be met: (1) the intervenor must claim an interest in the property or transaction that is the subject of the action; (2) the intervenor's ability to protect that interest must, as a practical matter, be impaired or impeded; (3) the intervenor must show that the existing parties do not adequately represent his or her interest; and (4) the motion must be timely made.[3] Civ.R. 24 requires that the application to intervene be timely made. What is timely depends on the facts of each case. Factors to consider are (1) how far the action has progressed, (2) the purpose of the intervention, (3) when the intervenor knew or should have known of his or her interest in the case, (4) the prejudice to the original parties caused by the failure to promptly intervene, and (5) any unusual circumstances favoring or disfavoring intervention.[4] Motions to intervene filed after final judgments are disfavored.[5]

{¶ 7} In this case, at the time the motion to intervene was filed, the underlying action had been terminated and the time to appeal had passed. Cheviot should have known of its interest in the case as its police officer had made the arrest, and, as the trial court found, Cheviot chose to be represented by the Hamilton County Prosecutor's Office at the time the case was tried and on the date that the court had granted the suppression motion.

{¶ 8} Though we do not need to reach the issue of whether Cheviot has any possibility of prevailing on appeal if it were allowed to proceed on the merits, we feel that we should add that the chances seem direly slim.[6] And we note that the legislature has attempted to clean up this issue in R.C. 4511.195(D)(4), effective January 1, 2004. Under both the current version and the 2004 version of R.C.

---

1. See *State v. Mathies* (Sept. 18, 1996), 9th Dist. No. 17591, 1996 WL 527196.

2. See *Young v. Equitec Real Estate Investors Fund* (1995), 100 Ohio App.3d 136, 138, 652 N.E.2d 234.

3. See *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 830–831, 591 N.E.2d 1312.

4. See *State ex rel. First New Shiloh Baptist Church v. Meagher* (1998), 82 Ohio St.3d 501, 503, 696 N.E.2d 1058.

5. Id.

6. Accord *State v. Heinrich* (2001), 142 Ohio App.3d 654, 756 N.E.2d 732; *D & B Immobilization Corp. v. Dues* (1997), 122 Ohio App.3d 50, 701 N.E.2d 32.

4511.195(B)(4), a vehicle owner is responsible for paying removal and storage fees if a pretrial motion for the vehicle's release is granted. But the new version of R.C. 4511.195 contains an additional provision that is not contained in the current version. In that provision, R.C. 4511.195(D)(4), if a vehicle is impounded without authorization (which arguably includes the impoundment of the vehicle of a person who is subsequently acquitted), "the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle" must pay all expenses and charges incurred in its removal and storage. Except as provided in that section, who pays the costs associated with impoundment is left to the trial court's discretion.[7]

{¶ 9} R.C. 2938.13 delegates to a city law director or the county prosecutor the responsibility to present the case for a municipal corporation where a statute is involved. Who has the responsibility in a particular case or how that is decided is not provided for in the case law or by statute. What is apparent, however, is that some decision was made here that the county prosecutor would prosecute the case against Schulte.

{¶ 10} Further, under R.C. 1901.34(A) and (C), the city law director is responsible for prosecuting criminal offenses that occur in his or her municipal corporation. (Under R.C. 1901.34[C], the city law director is to perform the same duties, insofar as they are applicable, as the county prosecutor.) But, under R.C. 1901.34(D), the prosecutor may enter into an agreement with a municipal corporation to prosecute all criminal cases in the county the prosecutor serves that are brought before a municipal court with territorial jurisdiction over criminal offenses occurring within the municipal corporation. Thus, it was not improper for the trial court to have concluded that Cheviot had chosen to be represented by the county prosecutor's office—whether by an agreement or by default. (How it was determined that the prosecutor was to try this case was not made a part of the record here.)

{¶ 11} Cheviot had the burden of demonstrating that the Hamilton County Prosecutor had not adequately represented its interest.[8] " 'Representation is generally considered adequate if no collusion is shown between the representative and an opposing party, if the representative does not represent an interest adverse to the proposed intervenor and if the representative has been diligent in prosecuting the litigation.' "[9] Further, "[a] party charged by law with represent-

---

7. See R.C. 4511.195(F)(1) (effective Jan. 1, 2004).

8. See *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d at 835, 591 N.E.2d 1312.

9. Id., quoting *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania* (C.A.3, 1982), 674 F.2d 970, 973.

ing the interests of the absent party will usually be deemed adequate to represent the proposed intervenor."[10] In this case, the assistant prosecutor objected to Schulte's request for reimbursement.

{¶ 12} The trial court stated that Cheviot's law director was also a member of the county prosecutor's staff. Thus, oddly, in this case one assistant county prosecutor is accusing another assistant county prosecutor of inadequately representing Cheviot's interest. One assistant county prosecutor—albeit wearing a different hat—has filed a brief on one side of this appeal. Another assistant county prosecutor has filed a brief opposing that brief. An attorney who is not affiliated with the Hamilton County Prosecutor's Office represented Cheviot at oral argument.

{¶ 13} Under the facts of this case, we conclude that the trial court did not abuse its discretion by denying Cheviot's motion. We overrule Cheviot's assignment and affirm the trial court's judgment.

Judgment affirmed.

DOAN, P.J., and HILDEBRANDT, J., concur.