[Cite as *State v. Lamke*, 2013-Ohio-925.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-110725 |
| | | TRIAL NOS. C-11TRC-33401A |
| Plaintiff-Appellant, | : | C-11TRC-33401B |
| | | C-11TRC-33401C |
| vs. | : | |
| | | *O P I N I O N.* |
| JONATHAN L. LAMKE, | : | |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed in Part and Cause Remanded

Date of Judgment Entry on Appeal: March 15, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Brafford & Phillips* and *Suellen M. Brafford,* for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1}    The state of Ohio appeals from the judgment of the Hamilton County Municipal Court granting Jonathan Lamke's motion, pursuant to R.C. 4511.195(D), for the court to order the release of his motorcycle and to charge Hamilton County a portion of the fees incurred for its storage.  A Hamilton County sheriff's deputy seized the motorcycle upon Lamke's second arrest for the offense of operating a vehicle while under the influence of drugs or alcohol ("OVI") within six years, but Lamke was subsequently acquitted of that offense.

{¶2}    Because in granting Lamke's motion the trial court erroneously relied upon subdivision (D)(4) of R.C. 4511.195, which mandates the ordering of the fees against the county, instead of subdivision (D)(2) of R.C. 4511.195, which, when read in pari materia with (F)(1),  gives the court the discretion to charge the county those fees, we vacate the trial court's order imposing the fees, and we remand the case for the trial court to apply the correct standard in evaluating Lamke's motion.

## I.  Background Facts

{¶3}    On July 2, 2011, Lamke was arrested in Hamilton County for OVI, in violation of R.C. 4511.19(A)(2)(b), after he was involved in an accident while operating his motorcycle.  Lamke was transported to the hospital because of injuries. A patrol officer from the Hamilton County Sheriff's office seized the motorcycle and authorized Nick's Towing to remove the motorcycle from the scene of the accident and store it.  The motorcycle remained at Nick's impound lot during Lamke's criminal proceedings for the OVI offense and the two additional offenses with which he had been charged: refusing to submit to a chemical test, in violation of R.C. 4511.19(A)(2)(b), and  failing to maintain reasonable control of a vehicle, in violation of R.C. 4511.202.

{¶4}    Lamke did not challenge the propriety of his arrest in a pretrial motion, but he did move for release of his motorcycle on July 18, 2011. The trial court denied his motion at that time. Subsequently, on October 2, 2011, the court granted the motion for the release of the motorcycle, but conditioned the release upon Lamke's payment of the fees for the impoundment of the motorcycle. Lamke did not pay the fees and his motorcycle was not released.

{¶5}    After a bench trial, the court acquitted Lamke on all counts, including the OVI violation. The court also set aside Lamke's administrative license suspension, which was based on his alleged refusal of a chemical test, with a waiver of the reinstatement fee. Lamke then moved again for the immediate release of the motorcycle, and, additionally, requested an order under R.C. 4511.195(D)(2) and (4) directing Hamilton County to pay Nick's Towing for all fees related to the impoundment of the vehicle, including the removal and the storage fees.

{¶6}    At the hearing on his motion, Lamke agreed to pay the entire removal fee and the storage fee through July 4, 2011, but he maintained that the county was responsible for the storage fees incurred after July 5, 2011, and until the release of his motorcycle. The trial court granted Lamke's motion, citing R.C. 4511.195(D)(4).

## II. The Assignment of Error

{¶7}    In one assignment of error, the state argues that the trial court erred by ordering Hamilton County to pay fees incurred for the storage of Lamke's motorcycle because the impoundment of the motorcycle was "authorized." According to the state, the trial court misinterpreted R.C. 4511.195(D)(2) and (4) when it issued its order imposing the financial obligation on the county. Alternatively, the state argues that if the court was authorized to order the government to pay the fees for the impoundment of the motorcycle, then the court

3

erred by not specifying which governmental agency within "Hamilton County" was responsible for those fees.

### III. Standard of Review

{¶8} The state's arguments involve the interpretation and application of R.C. 4511.195, issues of law that we review de novo. *See State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8; *Dikong v. Ohio Supports, Inc.*, 1st Dist. No. C-120057, 2013-Ohio-33, ¶ 16.

{¶9} A court's primary purpose in interpreting or construing a statute is to give effect to the intention of the legislature, "as gathered from the provisions enacted, by the application of well[-]settled rules of interpretation." *Henry v. Cent. Nat. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. To that end, we must first review the language the legislature used. *State v. Edwards*, 5th Dist. No. 2012-CA-12, 2012-Ohio-5142, ¶ 16.

### IV. R.C. 4511.195

{¶10} Generally, R.C. 4511.195 requires law enforcement officers to seize and immobilize the vehicles of persons who have been arrested for a second offense of OVI until the final disposition of the OVI charge. The statute, which became effective in 1993, has been amended numerous times, and it has been the subject of due-process challenges during its history. *See State v. Hochhausler*, 76 Ohio St.3d 455, 668 N.E.2d 457 (1996); *State v. Heinrich*, 142 Ohio App.3d 654, 756 N.E.2d 732 (12th Dist.2001); *State v. Posey*, 135 Ohio App.3d 751, 735 N.E.2d 903 (9th Dist.1999). The focus of our inquiry now, however, is limited to whether the trial court misinterpreted or misapplied the statute when it ordered Hamilton County to pay a portion of the fees for the impoundment of Lamke's motorcycle.

{¶11} The current version of R.C. 4511.195, which was the statute in effect when Lamke's motorcycle was seized, provides in division (B) that upon an OVI arrest, "the arresting officer or another officer of the law enforcement agency that

employs the arresting officer" shall seize the vehicle operated by the person arrested for the OVI offense and its license plates if (1) the vehicle is registered to the arrestee, and (2) the arrestee had been convicted of an OVI offense within the prior six years or a felony OVI offense, regardless of when the conviction occurred. R.C. 4511.195(B)(1). The statute also provides when the seized vehicle should be retained pretrial. *See* R.C. 4511.195(B) and (C). If the seized vehicle is not released pretrial, then R.C. 4511.195(D) applies.

{¶12} R.C. 4511.195(D) reads:

If a vehicle and its license plates are seized under division (B) of this section and are not returned or released to the arrested person pursuant to division (C) of this section, the vehicle and its license plates shall be retained until the final disposition of the charge in question. Upon the final disposition of that charge, the court shall do whichever of the following is applicable:

(1) If the arrested person is convicted of or pleads guilty to the [OVI offense] * * *, the court shall impose sentence upon the person as provided by law or ordinance and shall order the immobilization of the vehicle the person was operating at the time of the offense * * * and the impoundment of its license plates * * * or the criminal forfeiture of the vehicle * * *, whichever is applicable.

(2) If the arrested person is found not guilty of * * * [the OVI offense], the court shall order that the vehicle and its license plates immediately be released to the arrested person.

(3) If the charge * * * is dismissed for any reason, the court shall order that the vehicle and its license plates immediately be released to the arrested person.

(4) If the impoundment of the vehicle was not authorized under this section, the court shall order that the vehicle and its license plates be returned immediately to the arrested person or, if the arrested person is not the vehicle owner, to the vehicle owner, and shall order that the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle pay all expenses and charges incurred in its removal and storage.

{¶13} Although subdivision (D)(2) requires the court to order the immediate release of the vehicle to the arrestee upon an acquittal, it does not specifically address who is responsible for the expense and charges incurred in the removal of the vehicle in the event of an acquittal.

## A. The State's Interpretation

{¶14} The state reads subdivision (D)(4) of R.C. 4511.195 as preventing the trial court from charging the government the expenses incurred for the impoundment of the vehicle unless the impoundment of the vehicle was unlawful, even in the event of an acquittal, as set forth in subdivision (D)(2). According to the state, the General Assembly could have included language in subdivision (D)(2) imposing the responsibility for the expenses on the government in the event of an acquittal, but it chose not to.

{¶15} The state then concludes that because Lamke was the registered owner of the motorcycle, he was properly arrested for OVI, and he had a prior OVI violation within six years of his arrest, the seizure and impoundment of the

motorcycle were authorized under division (B). As a result, subdivision (D)(4) does not apply, and the trial court's order is contrary to law.

**{¶16}** But the state's interpretation of subdivision (D)(4) does not take into consideration that the General Assembly did not use language limiting the trial court's imposition of the expenses for the impoundment of the vehicle on the government—it merely specifies when the court *must* impose the charges on the government. As the Fifth Appellate District recently held, subdivision (D)(4) reveals the General Assembly's "specific[] inten[t] to prohibit charging the accused impound fees and costs when impoundment of the vehicle was not authorized by statute." *State v. Edwards*, 5th Dist. No. 2012-CA-12, 2012-Ohio-5142, ¶ 19.

### B. Lamke's Interpretation

**{¶17}** Lamke reads subdivision (D)(4) to require the trial court to charge the government the expenses for the impoundment of the vehicle because he was eventually acquitted of the OVI offense. In support, Lamke cites this court's decision in *State v. Schulte*, 154 Ohio App.3d 367, 2003-Ohio-3826, 797 N.E.2d 517 (1st Dist.).

**{¶18}** *Schulte* involved whether the trial court properly denied the city's motion to intervene that had been filed subsequent to the granting of the defendant's motion for reimbursement of storage fees, following the seizure of his vehicle under a prior version of R.C. 4511.195, where the defendant was subsequently acquitted of the OVI offense. We affirmed the trial court's denial of the city's motion, and in dicta stated that "the impoundment of a vehicle of a person who is subsequently acquitted" would "arguably" amount to "impoundment without authorization" under the newly-enacted-but-not-yet-effective subsubdivision (D)(4) of R.C. 4511.195. *Id.* at ¶ 8.

**{¶19}** This court's discussion of the current version of R.C. 4511.195 in *Schulte* is merely dicta, and our conclusion is equivocal. Upon closer review of the statute, we are not persuaded by our dicta in *Schulte.*

{¶20} Subdivision (D)(4) mandates that the trial court charge the government the expenses for the "removal and storage" of the vehicle when the "impoundment of the vehicle" "was not authorized under this *section.*" (Emphasis added.) The section—R.C. 4511.195—contains pretrial seizure and retention provisions, which detail the government's authority to seize, remove, and store or "otherwise immobilize" the vehicle until the final disposition of the case. *See* R.C. 4511.195(B)(1) and (5). Those provisions, for example, would not have authorized the impoundment of the vehicle operated by one arrested for OVI in the event that the offender did not have a prior OVI conviction as specified in subdivision(B)(1). *See Edwards*, 5th Dist. No. 2012-CA-12, 2012-Ohio-5142.

{¶21} In this case, Lamke does not argue that the seizure and impoundment of the vehicle was contrary to those pretrial seizure and retention provisions. Thus, subdivision (D)(4) did not apply, and the trial court's reliance on (D)(4) in ordering the government to pay was erroneous.

## C. R.C. 4511.195(F)

{¶22} Both parties have ignored subdivision (F)(1) of R.C. 4511.195. This provision provides the trial court with discretion to charge the "arrested person" the "expenses or charges incurred in the removal and storage of the immobilized vehicle" when the impoundment of the vehicle was authorized by R.C. 4511.195. The General Assembly used the term "arrested person" instead of "offender," indicating its intent that the court may charge even those acquitted of the OVI offense if the seizure and storage of the vehicle was authorized under the section.

{¶23} It is a well-settled rule of statutory interpretation that "words in a statute do not exist in a vacuum. We must presume that in enacting a statute, the General Assembly intended for the entire statute to be effective." *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 19, citing R.C. 1.47(B).

{¶24}    The provisions of R.C. 4511.195, including divisions (D) and (F), must be read as a whole, and no part should be disregarded. *See Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 21. Thus, we conclude that R.C. 4511.195 provides the court with discretion in the event of an acquittal to charge the expenses and fees incurred for the removal and storage of the vehicle to either the arrested person or the specified governmental party, except where the impoundment of the vehicle was not authorized under the pretrial seizure and retention provisions of the statute.

{¶25}    Our reading of R.C. 4511.195 is bolstered by the legislative history of the statute. When subdivision (D)(4) was added to the statute, subdivision (D)(2), which pertains to acquittals, was also amended. *See* 2002 Am.Sub.S.B. No. 123, effective January 1, 2004. The General Assembly deleted language that conditioned the release of the vehicle and its license plates in the event of an acquittal "upon the payment of any expenses or charges incurred in its removal or storage."

### D. Remand

{¶26}    In this case, the trial court determined that the continued retention of Lamke's motorcycle was not "authorized" as contemplated in R.C. 4511.195(D)(4), and ordered the government to pay the requested storage fees under that subdivision, which provides for the mandatory assessment of fees against the government. But R.C. 4511.195(D)(4) did not apply where the government's seizure and continued retention of Lamke's motorcycle complied with the provisions of the statute. Because Lamke was acquitted of the OVI offense, subdivisions (D)(2) and (F)(1) applied, and these provisions required the trial court to exercise its discretion in determining whether the arrested person or the government should pay any or all of the expenses and fees for the authorized pretrial seizure and storage of the vehicle.

{¶27}    As a result, we hold that trial court applied an erroneous standard when it granted Lamke's motion requesting the court to order the county to pay the

9

challenged storage fees because the pretrial seizure and retention of his vehicle was authorized under R.C. 4511.195, and we sustain the assignment of error on this basis. Thus, we reverse the part of the trial court's order imposing the fees against the county, and we remand the case to the trial court for the court to apply the correct standard in evaluating Lamke's motion.

### E. Specificity in the Court's Payment Order

{¶28}    The state also argues that the trial court erred by ordering "Hamilton County" to pay the storage fees without designating which agency within Hamilton County is responsible for those fees. Because we are reversing the part of the trial court's order requiring Hamilton County to pay the challenged fees, this issue is moot, and we decline to address it.

### V. Conclusion

{¶29}    We hold that the trial court erred when it ordered Hamilton County to pay the impound fees relating to the storage of Lamke's vehicle under the mandatory provision for the ordering of fees under R.C. 4511.195(D)(4), because the seizure and retention of Lamke's motorcycle was authorized under R.C. 4511.195. We reverse the trial court's order imposing the fees, and we remand the case to the trial court to determine, in its discretion, whether to grant Lamke's motion concerning the requested fees.

Judgment reversed in part and cause remanded.

**HILDEBRANDT, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.