[Cite as *State v. Hawrylak*, 2016-Ohio-250.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,             CASE NO.  5-15-24

     v.

MICHAEL A. HAWRYLAK,

     DEFENDANT-APPELLEE.         O P I N I O N

[SURETY CORPORATION OF
AMERICA, ET AL. - APPELLANTS]

Appeal from Hancock County Common Pleas Court
Trial Court No. 2013CR135

Judgment Affirmed

Date of Decision:    January 25, 2016

APPEARANCES:

     *Eric J. Hoffman*  for Appellant, Chuck Brown II Bail Bonds

     *Elizabeth H. Smith*  for Appellee

**ROGERS, J.**

{¶1} Appellants, Surety Corporation of America ("Surety Corporation") and Chuck Brown II Bail Bonds ("Brown Bail Bonds"), appeal the judgment of the Court of Common Pleas of Hancock County denying Brown Bail Bonds's motion to intervene and forfeiting Defendant, Michael Hawrylak's bond. On appeal, Brown Bail Bonds argues that the trial court erred by (1) denying its motion to intervene; and (2) forfeiting Hawrylak's bond. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On June 25, 2013, the Hancock County Grand Jury indicted Hawrylak on one count of trafficking in cocaine in violation of R.C. 2925.03(A), a felony of the fifth degree; one count of possession of heroin in violation of R.C. 2925.11(A), a felony of the second degree; one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the third degree; and one count of possession of marihuana in violation of R.C. 2925.11(A), a felony of the fifth degree.

{¶3} On July 3, 2013, Hawrylak was arraigned, and the trial court set bond at $45,000 cash or surety.

{¶4} On July 5, 2013, U.S. Specialty Insurance Company ("U.S. Specialty") posted a surety bond with the Hancock County Clerk of Courts. The "Recognizance of Accused" filed with the Clerk of Courts named U.S. Specialty as the bond's surety. The attached "Power of Attorney" named Surety

Corporation as U.S. Specialty's agent and Martin Pope as U.S. Specialty's attorney-in-fact. After U.S. Specialty posted Hawrylak's bond, Hawrylak was released.

{¶5} On January 17, 2014, after Hawrylak failed to report as ordered to the probation department, the trial court issued a bench warrant for Hawrylak's arrest. Thereafter, Hawrylak failed to appear at all scheduled court proceedings.

{¶6} By entry dated February 3, 2014, the trial court ordered Hawrylak's bond forfeited. The next day, the State filed a motion to show cause as to why judgment should not be entered against the bond's surety, and a hearing was set for March 20, 2014. Notice of the foregoing was sent via certified mail to Pope.

{¶7} On March 20, 2014, Pope was granted a 15 day continuance in order to locate Hawrylak. However, by late April 2015, Hawrylak's whereabouts were still unknown.

{¶8} On July 29, 2014, the State filed another motion to show cause as to why judgment should not be entered against the bond's surety, and a hearing was set for September 18, 2014. Notice of the foregoing was sent via certified mail to Pope, Surety Corporation, and U.S. Specialty.

{¶9} On July 30, 2014, Hawrylak was arrested in Franklin County on multiple outstanding warrants. The Franklin County trial court set bond and

ordered that Hawrylak report to Hancock County within five days. Hawrylak posted bond in Franklin County but never reported to Hancock County.[1]

{¶10} On September 5, 2014, Surety Corporation filed a motion to set aside the forfeiture arguing that it did not receive notice within the time limits prescribed under R.C. 2937.26(C). By entry dated September 18, 2014, the trial court granted Surety Corporation's motion, and the previously ordered forfeiture was set aside.

{¶11} A few months later, the State again requested that Hawrylak's bond be forfeited, and a forfeiture hearing was set for February 26, 2015. Notice of the foregoing was sent via certified mail to Hawrylak, Pope, Surety Corporation, and U.S. Specialty.

{¶12} In response, Surety Corporation filed a motion to dismiss, arguing that the trial court's September 18, 2014 entry released it from liability on Hawrylak's bond. In the alternative, Surety Corporation requested a continuance due to a scheduling conflict. The following day, U.S. Specialty filed an identical motion.[2] The forfeiture hearing was rescheduled for March 26, 2015.

---

[1] At oral argument, the State indicated that Hawrylak has not yet been apprehended.
[2] Eric Hoffman represented both U.S. Specialty and Surety Corporation during the proceedings below. Although not evidenced by the record, Hoffman also claims to have represented Chuck Brown and Pope.

{¶13} On March 25, 2015, Steven Powell filed a notice of appearance of co-counsel on behalf of Brown Bail Bonds.[3]

{¶14} After Hawrylak failed to appear at the March 26, 2015 hearing, the trial court declared Hawrylak's bond forfeited. Thereafter, the State filed a motion to show cause as to why judgment should not be entered against the bond's surety, and a hearing was set for May 28, 2015. Notice of the foregoing was sent via certified mail to Pope, Surety Corporation, Hoffman, and U.S Specialty.

{¶15} On May 28, 2015, Brown Bail Bonds filed a motion to intervene claiming that it had an interest in the pending proceedings. Specifically, Brown Bail Bonds averred that U.S. Specialty and Surety Corporation were the underwriters of Hawrylak's bond with Brown Bail Bonds acting as a direct agent for Pope.

{¶16} That same day, a hearing was held concerning the State's motion to show cause and Brown Bail Bonds's motion to intervene. No testimony was presented, but Brown Bail Bonds offered into evidence a "Bail Bond Agent Contract" between U.S. Specialty, Surety Corporation, Brown Bail Bonds, and Pope. The contract identified Pope as an "agent" of U.S. Specialty and Surety Corporation and Charles C. Brown II as a "supervisory agent" of U.S. Specialty and Surety Corporation.

---

[3] Despite the styling of Powell's notice of appearance, Powell was the only counsel of record for Brown Bail Bonds.

{¶17} In response, the State argued that Brown Bail Bonds was not listed as a surety in the documents filed with the Clerk of Courts and therefore should not be allowed to intervene. The trial court agreed, noting that the bond's "paper trail" lacked any reference to Brown Bail Bonds. Aug. 17, 2015 Hrg., p. 9.

{¶18} By entry dated June 11, 2015, the trial court denied Brown Bail Bonds's motion and ordered immediate payment of Hawrylak's bond.

{¶19} It is from this judgment that Surety Corporation and Brown Bail Bonds appeal, with Brown Bail Bonds presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ABUSED IT [SIC] DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION TO INTERVENE AS A PARTY BECAUSE APPELLANT WAS THE SUPERVISING AGENT FOR SURETY CORPORATION OF AMERICA, U.S. SPECIALTY INSURANCE COMPANY AND MARTIN POPE.**

### Assignment of Error No. II

**THE TRIAL COURT ERRED IN ITS ISSUANCE OF JUDGMENT FORFEITING THE SURETY BOND FOR THE REASON THAT ON SEPTEMBER 18, 2014, THE COURT HAD ISSUED AN ENTRY SETTING ASIDE THE BOND FORFEITURE BECAUSE THE DEFENDANT HAD BEEN ARRESTED AND TAKEN INTO CUSTODY IN FRANKLIN COUNTY, OHIO AND THUS WAS AVAILABLE TO THE COURT.**

*Assignment of Error No. III*

**THE COURT ERRED IN ISSUING JUDGMNET OF FORFEITURE OF THE BOND FOR THE REASON THAT THE HANCOCK COUNTY CLERK OF COURTS FAILED TO COMPLY WITH THE NOTICE REQUIREMENT PROVISIONS OF THE OHIO REVISED CODE 2937.36.**

*Assignment of Error No. IV*

**THE TRIAL COURT ERRED IN ISSUING JUDGMENT OF FORFEITURE OF THE BOND FOR THE REASON THAT THE SURETY HAD A STATUTROY DEFENSE UNDER 2937.40.**

{¶20} Before we address Brown Bail Bonds's assignments of error, we note that Surety Corporation also filed a notice of appeal in this case. However, despite filing its notice of appeal, Surety Corporation failed to file its brief. App.R. 18(C) provides that "[i]f an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal." Accordingly, Surety Corporation's appeal is dismissed.

*Assignment of Error No. I*

{¶21} In its first assignment of error, Brown Bail Bonds argues that the trial court abused its discretion by denying its motion to intervene. Specifically, Brown Bail Bonds argues that the evidence established that it had an interest in the forfeiture proceedings that would be adversely affected absent intervention. We disagree.

**{¶22}** In reviewing a trial court's denial of a motion to intervene, the proper standard of review is whether the trial court's action constituted an abuse of discretion. *Indiana Ins. Co. v. Murphy*, 165 Ohio App.3d 812, 2006-Ohio-1264, ¶ 4 (3d Dist.). A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 12.

**{¶23}** This case concerns whether an entity can intervene in a criminal forfeiture proceeding. Although this case is criminal in nature, there is no criminal rule governing intervention. "If no procedure is specifically prescribed by rule, the court may proceed in any lawful manner not inconsistent with the rules of criminal procedure, and shall look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists." Crim.R. 57(B); *State v. Dillon*, 3d Dist. Hancock No. 5-06-50, 2007-Ohio-4934, ¶ 18. In other words, while the Ohio Rules of Civil Procedure generally do not apply in criminal matters, they may apply where there is no criminal rule on point. *Dillion* at ¶ 18; *State v. Belknap,* 11th Dist. Portage No. 2002-P-0021, 2004-Ohio-5636, ¶ 25.

**{¶24}** Civ.R. 24(A) addresses when a party can intervene in a civil case. It provides, in relevant part:

> **Intervention of right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

**{¶25}** Civ.R. 24(A) establishes four elements that must be met before a party may intervene: (1) the intervenor must claim an interest relating to the property or transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely. *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 830-831 (10th Dist.1990); *Henderson v. Luhring*, 5th Dist. Ashland No. 02-COA-017, 2002-Ohio-4208, ¶ 15; *State v. Schulte*, 154 Ohio App.3d 367, 2003-Ohio-3826, ¶ 6 (1st Dist.). The intervenor bears the burden of proving each element, and the failure to meet any one of the elements will result in a denial of the motion. *Deutsche Bank Natl. Trust Co. v. Hill*, 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575, ¶ 25; *St. Sylvester Church v. Haren-Williams*, 7th Dist. Monroe No. 842, 2001 WL 674197, *1 (June 18, 2001).

{¶26} Here, the only evidence before the trial court was (1) the "Recognizance of Accused" and "Power of Attorney" filed with the Clerk of Courts naming U.S. Specialty as the bond's surety, Surety Corporation as its agent, and Pope as its attorney-in-fact; and (2) the "Bail Bond Agent Contract" establishing that an agency relationship existed between U.S. Specialty, Surety Corporation, Pope, and Charles C. Brown II. No testimony was presented.

{¶27} Even if we assume, arguendo, that the "Bail Bond Agent Contract" was sufficient to establish Brown Bail Bonds's interest in the bond, there was no evidence presented that (1) entering a judgment against U.S. Specialty, Surety Corporation, and/or Pope would impair or impede Brown Bail Bonds's ability to protect its interest or (2) that Brown Bail Bonds's interest was not adequately represented by U.S. Specialty, Surety Corporation and/or Pope. At the hearing, Brown Bail Bonds's counsel simply stated that Brown Bail Bonds was "going to be on the hook for this." Aug. 17, 2015 Hrg., p. 7.

{¶28} Ultimately, Brown Bail Bonds bore the burden of establishing that (1) it had an interest in the bond; (2) entering judgment against the bond's sureties would impair or impede its ability to protect that interest; (3) its interest was not adequately represented by the existing parties; and (4) its motion was timely. At most, Brown Bail Bonds established that it had an interest in Hawrylak's bond, and this alone is insufficient to establish a right to intervene.

{¶29} Based on the foregoing, we find that the trial court did not abuse its discretion in denying Brown Bail Bonds's motion to intervene. Accordingly, we overrule Brown Bail Bonds's first assignment of error.

*Assignments of Error Nos. II, III, & IV*

{¶30} In its second, third, and fourth assignments of error, Brown Bail Bonds argues that the trial court erred in forfeiting Hawrylak's bond. Having found that the trial court did not err in denying Brown Bail Bonds's motion to intervene, it follows that Brown Bail Bonds is not a party to the underlying action and, therefore, Brown Bail Bonds lacks standing to raise these alleged errors. *See, e.g.*, *White v. Continental Express, Inc.*, 3d Dist. Shelby No. 17-04-04, 2004-Ohio-5092, ¶ 5. Accordingly, we overrule Brown Bail Bonds's second, third, and fourth assignments of error.

{¶31} Having found no error prejudicial to Brown Bail Bonds, in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**