YOUNG et al., Appellees,

v.

EQUITEC REAL ESTATE INVESTORS FUND et al., Appellees;
Davison & Company, Movant–Appellant.

[Cite as *Young v. Equitec Real Estate Investors Fund* (1995), 100 Ohio App.3d 136.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67480.

Decided Jan. 3, 1995.

*Jonathan R. Cooper* and *David R. Mayo,* for appellee Kenneth Young.

*Abraham Cantor* and *Joan B. Sebelin,* for Leonard J. Haase.

*Ulmer & Berne, Harold E. Friedman* and *Martin W. Elson; Michael N. Ungar,* for Renaissance on Chagrin.

*David Hochman,* for Peter Shanes.

*Persky, Shapiro, Salim, Esper, Arnoff & Nolfi* and *Donald N. Jaffe,* for movant-appellant Davison & Co.

---

*Per Curiam.*

This appeal was filed, briefed, and argued under our Local R. 25 as an accelerated appeal. The parties in this appeal have agreed to the resolution of the issues under App.R. 11.1(E). Consequently, our decision will be brief and in conclusory form. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655. Accordingly, we affirm the trial court's decision.

The trial court's decision denied movant-appellant Davison & Company's motion to intervene in a foreclosure action where Leonard J. Haase was appointed receiver for property owned by Equitec Real Estate Investors Fund. Equitec had employed Davison & Company to lease the space, and Davison & Company had procured a lease with PPC, Inc. The brokerage agreement provided for a Davison & Company commission to be paid by the lessor. The lease agreement

between Equitec and PPC, Inc. was signed before the receivership was established and prior to the filing of the foreclosure action.

Davison & Company argues the brokerage agreement referred only to "Lessor." According to Davison & Company, when Haase assumed the receivership, Haase became the "Lessor" and consequently became responsible for paying the commission. Davison & Company sought to intervene in the foreclosure action to enable it to collect its commission from Haase, the receiver. The trial court denied the motion and held the commission amounts were Equitec's debts and Haase was not responsible. The receivership opened in June 1990, the court said, and the commission was owed in December 1989. We agree with the trial court. The law governing a motion to intervene is set forth in Civ.R. 24. Our standard of review for a motion to intervene under Civ.R. 24 is abuse of discretion. The question for us is whether the trial court acted arbitrarily, unreasonably, or unconscionably in denying Davison & Company's motion to intervene. Based on this record, it is our opinion that the trial court had before it sufficient facts upon which it could act rationally in the exercise of its discretion.

At the time the receivership was established, Davison & Company had already fulfilled its obligations under the contract with Equitec. The receiver did not stand to benefit from any further performance by Davison & Company. The trial court decided the agreement between Equitec and Davison & Company was an executed contract leaving only the payment to Davison & Company by Equitec. Absent any benefit to the receiver from the contract between Davison & Company and Equitec, the responsibility for payment of the commissions remained with Equitec. *Newman v. Newman Mfg. Co.* (1933), 31 Ohio N.P. 273, 280.

*Judgment affirmed.*

BLACKMON, P.J., NUGENT and PORTER, JJ., concur.