{¶ 15} I respectfully dissent from the majority's opinion and would find that the trial court did not abuse its discretion in denying State Farm's intervention at such a late stage in the proceeding.
 {¶ 16} In reviewing a trial court's denial of a motion to intervene, the proper standard of review is whether the trial court's action constituted an abuse of discretion. Young v.Equitec Real Estate Investors Fund (1995), 100 Ohio App.3d 136,138. Ohio courts have applied this standard for all of the Civ.R. 24(A)(2) intervention of right requirements. State ex rel. FirstNew Shiloh Baptist Church v. Meagher, 82 Ohio St.3d 501, 503, 1998-Ohio-192.
 {¶ 17} In the instant case, the trial court was intimately familiar with the underlying case and the surrounding procedural history. It was therefore entrusted with the sound discretion of allowing intervention as the unique facts and circumstances of each case permit. Denying State Farm's requested intervention at such a late stage of the proceeding and seeking questions of liability coverage which are more appropriately disposed of in a traditional declaratory judgment action was, therefore, well within the discretion of the trial court. See Howell v.Richardson (1989), 45 Ohio St.3d 365.
 {¶ 18} Even if this court found that the trial court did not abuse its discretion, State Farm nonetheless failed to comply with Civ.R. 24(C). Despite submitting both a motion to intervene and an amended motion to intervene, the trial court found that State Farm had failed to set forth a claim or defense as required under Civ.R. 24(C). Although State Farm had the option of providing Dr. Ahmed with a defense or rejecting his claim, it agreed to provide such a defense. If it intended to enter this civil action, it had ample opportunity to do so and had ample opportunity to set forth a claim or defense when attempting to intervene.
 {¶ 19} Filippi filed her civil action in June 2003; yet, despite its role in this proceeding, State Farm failed to request an independent intervention. Instead, approximately three months before trial was scheduled to begin, State Farm moved to intervene without full compliance with Civ.R. 24(C). Although Civ.R. 24 is generally liberally construed in favor of intervention, see Blackburn v. Hamoudi (1986),29 Ohio App.3d 350, State Farm's noncompliance weighed against allowing such intervention. In such a case, seeking to intervene without first complying with Civ.R. 24(C), particularly so long after playing an active defensive role, prevented the trial court from liberally granting the motion.
 {¶ 20} State Farm also cites to Schmidlin v. D VEnterprises (June 1, 2000), Cuyahoga App. No. 76287, where this court found an insurer's application for intervention was timely although it was filed sixteen days before trial. The instant case, however, presents distinguishable circumstances. First, inSchmidlin, there was no contention that the proposed intervening insurer did not comply with the procedural requirements of Civ.R. 24(C). Second, the insurer's need to intervene did not arise until the plaintiff had filed an amended complaint, creating an issue over the applicable coverage limit which would fix the insurer's duty to indemnify. Finally, and unlike the instant case, there is no indication that the proposed intervenor had been managing the defense of the case since its inception and therefore had a greater understanding of the risks and necessities involved.
 {¶ 21} For these reasons, the trial court did not abuse its discretion in denying the intervention, and I would affirm the decision of the trial court.