DECISION.
{¶ 1} Plaintiff-appellant State Automobile Mutual Insurance Company argues that the trial court abused its discretion by granting intervenor-appellee James Pfeiffer's Civ.R. 60(B) motion for relief of judgment and his Civ.R. 24(A) motion to intervene. But because Pfeiffer (1) asserted a meritorious defense, (2) was entitled to relief under Civ.R. 60(B)(1), and (3) moved within a reasonable time, the common pleas court was reasonable in granting the Civ.R. 60(B) motion.
 {¶ 2} And Pfeiffer met all of Civ.R. 24(A)'s requirements: (1) he maintained an interest in the litigation as the injured party in a vehicular accident; (2) his interests would have been impaired or impeded without his ability to intervene; (3) State Auto would not have adequately represented his interests; and (4) the motion was timely made.[1] Therefore, we affirm.
 I. Into a Ditch {¶ 3} On April 7, 2004, Coogan was driving a 2004 Jeep Liberty owned by Eugene Vaughn. Eugene's daughter, Ashley Vaughn, had given Coogan permission to drive the vehicle, and Pfeiffer was a passenger in the vehicle. Coogan feel asleep at the wheel and lost control of the vehicle, and the vehicle veered off the road and into a ditch. Pfeiffer suffered serious physical injuries — multiple fractured vertebrae in his back and a broken femur — and his medical bills have totaled more than $70,000.
 {¶ 4} Coogan was cited for operating a motor vehicle under the influence of alcohol or drugs. He pleaded no contest. But he has refused to respond to numerous requests by State Auto for information about the details of the accident.
 {¶ 5} In October 2004, State Auto filed a declaratory-judgment complaint against Coogan, seeking the court's determination that it had no obligation to provide (1) insurance coverage, (2) a legal defense, or (3) indemnity to Coogan for Pfeiffer's injuries. On February 14, 2005, the trial court granted State Auto's request for a declaratory judgment. In so doing, the court determined that Coogan's failure to cooperate with State Auto and to respond to its requests for information about the accident had prejudiced State Auto's ability to defend against potential personal-injury claims by Pfeiffer.
 {¶ 6} After the declaratory judgment was granted to State Auto, Pfeiffer learned of the judgment and sought legal counsel to protect his interests. On April 19, 2005, Pfeiffer moved for relief from the judgment under Civ.R. 60(B) and to intervene under Civ.R. 24(A).
 {¶ 7} The trial court granted both Pfeiffer's motion for relief from judgment and his motion to intervene. This appeal followed.
 II. Setting Aside Default Judgments {¶ 8} In its first assignment of error, State Auto argues that the trial court abused its discretion by granting Pfeiffer's Civ.R. 60(B) motion for relief from judgment. State Auto argues that Pfeiffer did not submit affidavits, depositions, or other evidence from which the trial court could have decided that Pfeiffer was entitled to relief from judgment.
 {¶ 9} The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.[2] An abuse of discretion connotes an arbitrary, unreasonable, or unconscionable decision by the trial court.[3] Unreasonable means that no sound reasoning process supports the decision.[4]
 {¶ 10} Under Civ.R. 60(B), a court may relieve a party from a final judgment, order, or proceeding for a number of reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." The rule further provides that a motion should be made within a reasonable time — and for reasons (1), (2), and (3), it should not be more than one year after the judgment or order was entered.[5]
 {¶ 11} Thus, a party seeking relief from a default judgment under Civ.R. 60(B) must show (1) the existence of a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time.[6]
 {¶ 12} And parties moving for relief from judgment under Civ.R 60(B) are not automatically entitled to such relief or to a hearing on the motion. Because a judgment is normally accorded finality, the movants have the burden of proving that they are entitled to the relief requested or to a hearing on the motion.[7]
 {¶ 13} Here, Pfeiffer used the facts contained in State Auto's pleading and supporting documents to support his Civ.R. 60(B) motion. But State Auto contends that this was insufficient, relying on East Ohio Gas Co. v. Walker,[8] an Eighth Appellate District case in which the court held that a Civ.R. 60(B) motion must be accompanied by sufficient factual information. The court stated that "[s]uch evidence should be in the form of affidavits, depositions, written admissions, written stipulations, answers to interrogatories, or other sworn testimony."[9] The court applied Local Rule 11(B) of the Cuyahoga County Court of Common Pleas, which states that "[t]he moving party shall serve and file with his motion a brief written statement of reasons in support of the motion and a list of citations of the authorities on which he relies. If the motion requires the consideration of facts not appearing of record, he shall also serve and file copies of all affidavits, depositions, photographs or documentary evidence he desires to present in support of the motion."
 {¶ 14} But the Ohio Supreme Court noted in Rose Chevrolet,Inc. v. Adams that "neither Civ.R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases."[10]
 {¶ 15} And our counterpart local rule in Hamilton County, Local Rule 14, only requires page and document references for factual assertions. Therefore, the absence of affidavits is not necessarily dispositive of the issue whether a trial court has abused its discretion in granting a Civ.R. 60(B) motion. Pfeiffer's reliance on State Auto's pleadings did not defeat his Civ.R. 60(B) motion. And we are convinced that Pfeiffer met the requirements of Civ.R. 60(B)(1) by showing excusable neglect.
 {¶ 16} With the elements of the rule viewed in reverse order, Pfeiffer's motion was filed within a reasonable time. First, Pfeiffer moved within two months of the entry of default judgment in the declaratory-judgment action. Pfeiffer argued to the trial court that he had no prior knowledge of the declaratory-judgment action against Coogan. And Pfeiffer only learned of the litigation after the declaratory judgment was entered for State Auto. The trial court was not unreasonable in concluding that two months was a reasonable time to move to set aside the judgment under Civ.R. 60(B).
 {¶ 17} Second, Pfeiffer was entitled to relief under one of the grounds set forth in the rule — Civ.R. 60(B)(1)'s excusable neglect — because he had no knowledge of the declaratory-judgment action, and because once he had notice, he moved within 60 days for relief from judgment. State Auto cites the proposition that "failure to plead or respond after admittedly receiving a copy of the complaint is generally not excusable neglect." But that is a misstatement of the facts before us. Nowhere in the record is there a document showing service of the complaint on Pfeiffer. There is only a postal receipt for the complaint delivered to Coogan. We must presume that Pfeiffer had no prior knowledge of the litigation, and he thus qualified under Civ.R. 60(B)'s provision for excusable neglect.
 {¶ 18} Finally, we hold that Pfeiffer has a meritorious defense to present. An insurance company has a duty to defend an action against its insured when the allegations of the complaint against the insured bring the action within the coverage of the insured's policy.[11] It is uncontested that Pfeiffer suffered serious injuries as a result of a car crash while Coogan was driving. And State Auto's claims representative's affidavit supported Pfeiffer's claim that Coogan was given permission to drive the car by Vaughn's daughter.
 {¶ 19} Thus, it was not unreasonable for the trial court to decide that Pfeiffer met the Civ.R. 60(B)hat Pfeiffer' concludetaht fo rthe ered serious injuries as a result of a car crash while Coogan was driving. State Auto'ffe requirements for a motion for relief from judgment.
 III. Post-Judgment Intervenors {¶ 20} In its second assignment of error, State Auto argues that the trial court abused its discretion by granting Pfeiffer's motion to intervene. State Auto asserts (1) that Pfeiffer did not meet the four requirements of Civ.R. 24(A) for intervention as a matter of right; and (2) that Pfeiffer's intervention was improper under R.C. 2721.02(B).
 {¶ 21} The decision to grant or deny a motion to intervene under Civ.R. 24(A) is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.[12]
 {¶ 22} Before a party may intervene, all the elements of Civ.R. 24(A) must be met: (1) the intervenor must claim an interest in the property or transaction that is the subject of the action; (2) the intervenor's ability to protect that interest must, as a practical matter, be impaired or impeded; (3) the intervenor must show that the existing parties do not adequately represent his or her interest; and (4) the motion must be timely made.[13]
 {¶ 23} And whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case.[14] The following factors are considered in determining timeliness: "(1) the point to which the suit ha[s] progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention."[15]
 {¶ 24} In the present case, Pfeiffer met the elements of the Civ.R. 24(A) test. First, Pfeiffer had an interest related to the subject of the litigation — he was severely injured in the accident that was the cause for State Auto's declaratory-judgment action. Second, Pfeiffer's interest would have been impaired if he was not permitted to intervene, because the result of State Auto's declaratory-judgment action was to eliminate its liability and place all the responsibility for Pfeiffer's damages on Coogan. Third, Pfeiffer's interests were not adequately represented by the existing parties, as only State Auto entered an appearance in the case, and its interest was to eliminate its liability for Pfeiffer's injuries. Finally, we are convinced that Pfeiffer timely filed his motion to intervene. Although intervention after a judgment has been entered is unusual and ordinarily will not be granted,[16] the trial court found that because Pfeiffer had no knowledge of State Auto's declaratory-judgment action until after the judgment had been entered for State Auto, his Civ.R. 24(A) motion to intervene was not untimely, considering that it was made within two months of the judgment. The trial court's determination was reasonable.
 {¶ 25} State Auto further argues that R.C. 2721.02(B) precluded Pfeiffer's intervention. Under R.C. 2721.01(B), "a plaintiff who is not an insured under a particular policy of liability insurance may not commence against the insurer that issued the policy, an action or proceeding under this chapter * * * seek[ing] a declaratory judgment or decree as to whether the policy's coverage provisions extend to an injury, death, or loss to person or property that a particular insured under the policy allegedly tortiously caused the plaintiff to sustain or caused another person for whom the plaintiff is a legal representative to sustain, until a court of record enters in a distinct civil action [an award of] damages" in favor of the plaintiff against the insured.
 {¶ 26} While State Auto insists that R.C. 2721.02(B) barred Pfeiffer from intervening in this litigation, it did not. It only prohibits someone who is not an insured from commencing an action. The verb "commence" means to begin or to initiate.[17] Here, Pfeiffer did not commence the litigation. State Auto initiated the lawsuit by seeking a declaratory judgment against Coogan. "The language of R.C.2721.02(B) does not remotely suggest that parties [such as Pfeiffer] are precluded from seeking leave to intervene in a declaratory judgment action brought by an insurer against its insured."[18]
 {¶ 27} State Auto's second assignment of error is thus overruled. Accordingly, we affirm the trial court's judgment.
Judgment affirmed.
Gorman, J., concurs.
 Judge Rupert A. Doan was a member of the panel, but diedbefore the release of this decision.)
[1] See State v. Schulte, 154 Ohio App.3d 367,2003-Ohio-3826, 797 N.E.2d 517.
[2] See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,450 N.E.2d 1140.
[3] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[4] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597; State v. Echols (1998), 128 Ohio App.3d 677, 669-670,716 N.E.2d 728.
[5] Civ.R. 60(B).
[6] See GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150-151, 351 N.E.2d 113.
[7] See Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103,316 N.E.2d 469.
[8] See East Ohio Gas Co. v. Walker (1978),59 Ohio App.2d 216, 394 N.E.2d 348.
[9] Id. at 221.
[10] See Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20-21, 520 N.E.2d 564.
[11] See Motorists Mutual v. Trainor (1973),33 Ohio St.2d 41, 294 N.E.2d 874, paragraph two of the syllabus.
[12] See Young v. Equitec Real Estate Investors Fund (1995),100 Ohio App.3d 136, 138, 652 N.E.2d 234.
[13] See State v. Schulte, 154 Ohio App.3d 367,2003-Ohio-3826, 797 N.E.2d 517.
[14] See State ex rel. First New Shiloh Baptist Church v.Meagher, 82 Ohio St.3d 501, 503, 1998-Ohio-192, 696 N.E.2d 1058, citing Norton v. Sanders (1989), 62 Ohio App.3d 39, 42,574 N.E.2d 552; NAACP v. New York (1973), 413 U.S. 345, 366,93 S.Ct. 2591.
[15] Id., citing Triax Co. v. TRW, Inc. (C.A.6, 1984),724 F.2d 1224, 1228.
[16] See Kourounis v. Raleigh (1993), 89 Ohio App.3d 315,318, 624 N.E.2d 276.
[17] See Webster's Third New International Dictionary (1993), 456. See, also, Civ.R. 3(A).
[18] See Indiana Ins. Co. v. Midwest Maintenance (S.D.Ohio 2000), 174 F.Supp.2d 678.