{¶ 22} I respectfully dissent from the majority's opinion because I would find that the trial court did not abuse its discretion when it denied Pronational Insurance's motion to intervene.
 {¶ 23} In reviewing a trial court's denial of a motion to intervene, the proper standard of review is whether the trial court's action constituted an abuse of discretion. Young v.Equitec Real Estate Investors Fund (1995), 100 Ohio App.3d 136,138. "The term abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of this discretion, the trial court's decision will be affirmed.
 {¶ 24} After reviewing the record, I can find nothing unreasonable, unconscionable or arbitrary about the trial court's denial of Pronational Insurance's motion to intervene as a third-party defendant. Pronational Insurance claims that it did not move to intervene sooner because it believed that Doe would pursue claims only involving intentional conduct. This argument is unpersuasive. Paragraphs fifteen and sixteen of Doe's complaint expressly state that Doe was injured as a result of Ramos' negligence. Therefore, Pronational Insurance knew from the initiation of the lawsuit that Doe would be alleging a claim of negligence. Pronational Insurance's delay in moving to intervene a mere five months before trial is therefore unreasonable.
 {¶ 25} As stated by Judge James M. Porter in his dissent fromSchmidlin v. D V Enterprises, et al., (June 1, 2000), Cuyahoga App. No. 76287, the factors applicable in granting or denying intervention "focus on the promptness with which the intervenor must act after it knew or reasonably should have known that its interests required protection." Judge Porter also wrote that "[t]he judgment on these issues is entrusted in the first instance to the sound discretion of the trial court which is intimately familiar with the history of the case, the role of the parties and the prospective disruption and delay occasioned to the conduct of a trial by an eleventh-hour interjection of new issues." Id.
 {¶ 26} Based on the above, I conclude that the trial court appropriately exercised its discretion in denying the motion to intervene, and I would affirm its judgment on that issue.