**RUMPKE SANITARY LANDFILL, INC., Appellee,**

v.

**The STATE of Ohio et al., Appellants.**

[Cite as *Rumpke Sanit. Landfill, Inc. v. State*, 184 Ohio App.3d 135, 2009-Ohio-4888.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–081097 and C–081119.

Decided Sept. 18, 2009.

Keating Muething & Klekamp, P.L.L., Joseph L. Trauth Jr., Thomas M. Tepe Jr., and Charles M. Miller, for appellee.

Richard Cordray, Attorney General, and Craig A. Calcaterra and Robert X. Eskridge III, Assistant Attorneys General, for appellant state of Ohio.

Plank & Brahm, Richard Brahm, Catherine Cunningham, and Aaron M. Glasgow, for appellant Colerain Township.

---

SUNDERMANN, Judge.

{¶ 1} The state of Ohio and Colerain Township appeal the trial court's judgment that denied Colerain's motion to intervene and that struck revisions to R.C. 303.211 and 519.211 as unconstitutional. We conclude that Colerain was not an interested party under R.C. 2721.12, so the trial court had jurisdiction and did not abuse its discretion when it denied Colerain's motion to intervene. We further conclude that the trial court properly determined that the revisions to R.C. 303.211 and 519.211 violated the one-subject rule.[1] We therefore affirm the judgment of the trial court.

## I.  Background

{¶ 2} In a case that is not a subject of this appeal ("the public-utility case"),[2] Rumpke Sanitary Landfill ("Rumpke") challenged whether Colerain had zoning authority over Rumpke's existing landfill and proposed expansion in Colerain. Critical to that case was the determination whether Rumpke is a public utility under R.C. 519.211.[3]  On June 10, 2008, while the public-utility case was pending before the trial court, the Ohio General Assembly passed Am.Sub.S.B. No. 562. Governor Ted Strickland signed the bill with the exception of some line-item vetos that are not pertinent in this case. The bill was to become effective on September 28, 2008. The bill's stated purpose was "to make capital and other appropriations and to provide authorization and conditions for the operation of state programs." To that end, the bill established a biennial budget for Ohio for the fiscal years 2009 and 2010.

{¶ 3} In addition to setting Ohio's biennial budget, the bill amended hundreds of sections of the Revised Code and enacted and repealed dozens of other sections. Among the revisions were the two that are the subjects of this appeal. R.C. 303.211(A) was revised as follows (revision italicized): "Except as otherwise provided in division (B) or (C) of this section, sections 303.01 to 303.25 of the Revised Code do not confer any power on any board of county commissioners or board of zoning appeals in respect to the location, erection, construction, recon-struction, change, alteration, maintenance, removal, use, or enlargement of any

---

1.  Section 15(D), Article II, Ohio Constitution.

2.  Hamilton C.P. No. A–0703073.

3.  The trial court in case no. A–0703073 has since granted summary judgment in favor of Rumpke, and that judgment has been appealed.

buildings or structures of any public utility or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad for the operation of its business. *As used in this division, 'public utility' does not include a person that owns or operates a solid waste facility or a solid waste transfer facility, other than a publicly owned solid waste facility or a publicly owned solid waste transfer facility, that has been issued a permit under Chapter 3734, of the Revised Code or a construction and demolition debris facility that has been issued a permit under Chapter 3714, of the Revised Code.*" Similarly, R.C. 519.211(A) was amended in this manner (revision italicized): "Except as otherwise provided in division (B) or (C) of this section, sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utility or railroad, * * * for the operation of its business. *As used in this division, 'public utility' does not include a person that owns or operates a solid waste facility or a solid waste transfer facility, other than a publicly owned solid waste facility or a publicly owned solid waste transfer facility, that has been issued a permit under Chapter 3734, of the Revised Code or a construction and demolition debris facility that has been issued a permit under Chapter 3714, of the Revised Code.*"

{¶ 4} On September 2, 2008, Rumpke filed a lawsuit against Ohio, seeking a declaration that the revisions to R.C. 303.211 and 519.211 were unconstitutional because they violated the one-subject rule. Rumpke sought to enjoin the state from putting the revisions into effect. Colerain sought to intervene in the action, arguing that it was an interested party under R.C. 2721.12 or that, in the alternative, it should be permitted to intervene under Civ.R. 24 because the determination about whether the revisions were constitutional would affect its case with Rumpke. Ohio supported Colerain's motion and filed a motion to dismiss pursuant to Civ.R 12(B)(7) and 19, arguing that, absent Colerain's joinder, the trial court did not have jurisdiction over the case. After a hearing, the trial court denied Colerain's motion to intervene and held that the revisions to R.C. 303.211 and 519.211 violated the one-subject rule. This appeal followed.

## Colerain's Motion to Intervene

{¶ 5} We first consider Colerain's attempt to intervene in the action. Under R.C 2721.12(A), "when declaratory relief is sought under [R.C. Chapter 2721] in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding." We must determine whether Colerain was a necessary party under

R.C. 2721.12. If so, absent Colerain's joinder as a party to the proceeding, the trial court did not have jurisdiction to render a declaratory judgment.[4]

{¶ 6} When discussing an earlier version of R.C. 2721.12 in *Driscoll v. Austintown Assoc.*, the Ohio Supreme Court made a distinction between parties with a practical interest in the outcome of a declaratory-judgment action and those with a legal interest in the outcome.[5] In that case, township trustees and adjoining landowners sought to enjoin the construction of apartment buildings on land owned by Austintown Associates. The court concluded in part that the adjoining landowners, while possessing practical interests in the outcome of the zoning dispute, did not have legal interests in the outcome such that they were necessary parties under R.C. 2721.12.[6]

{¶ 7} That distinction is important in this case. Colerain certainly has a practical interest in the determination whether the revision to R.C. 519.221 is unconstitutional. A statute stating that Rumpke is not a public utility for zoning purposes would support Colerain's zoning authority over Rumpke's existing property and its planned expansion. But that practical interest does not have a bearing on whether Colerain was a necessary party in this declaratory-judgment action.

{¶ 8} Colerain argues that in other cases in which the constitutionality of a statute was challenged, townships were made a party. But those cases do not answer the question posed here. A township's presence in other similar cases does not necessarily mean that the township was an interested party in this case. It is possible that the townships in those cases were joined permissively under Civ.R. 24(B).

{¶ 9} To resolve the issue, we must consider the subject of Rumpke's declaratory-judgment action. Rumpke was not challenging Colerain's zoning authority. Rather, Rumpke challenged the General Assembly's authority to enact revisions that arguably violated the Ohio Constitution's one-subject rule. Colerain had no legal interest in the General Assembly's authority to enact laws.

{¶ 10} Colerain's reliance on the Seventh Appellate District's decision in *Barnesville Edn. Assn. OEA/NEA v. Barnesville Exempted Village School Dist.*[7] is misplaced in this case. There, the court held that the Ohio auditor was a

---

4. *Cincinnati v. Whitman* (1975), 44 Ohio St.2d 58, 73 O.O.2d 283, 337 N.E.2d 773, paragraph one of the syllabus.

5. *Driscoll v. Austintown Assoc.* (1975), 42 Ohio St.2d 263, 273, 71 O.O.2d 247, 328 N.E.2d 395.

6. Id.

7. 7th Dist. No. 06 BE 32, 2007-Ohio-1109, 2007 WL 745095.

necessary party to a declaratory-judgment action that was seeking to have some powers of the auditor declared unconstitutional.[8]  In this case, Rumpke did not seek to declare the township's powers unconstitutional.  Rather, it challenged the constitutionality of the General Assembly's actions.  This court's decision in *Klein v. Leis*[9] is similarly distinguishable.  There we held that county, municipal, and township defendants were necessary parties to proceedings challenging the state's concealed-carry law.[10]  At issue in that case was the constitutionality of the actions that the local governments would have to take under the challenged statute, not the constitutionality of the General Assembly's actions when it passed the legislation.[11]  We conclude that the trial court in this case properly determined that Colerain was not a necessary party under R.C. 2721.12.

{¶ 11}  Colerain argues that even if it was not a necessary party under R.C. 2721.12, the trial court should have granted its motion to intervene under Civ.R. 24.  Civ.R. 24(A) provides that a party shall be permitted to intervene as a matter of right "(1) when a statute * * * confers an unconditional right to intervene;  or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."  We review the trial court's decision to deny intervention under Civ.R. 24 for an abuse of discretion.[12]

{¶ 12}  As we have discussed with respect to R.C. 2721.12, Colerain did not demonstrate that it had a legally protectable interest in the court's determination whether the General Assembly had enacted the revisions in violation of the one-subject rule.  And even if Colerain had demonstrated such an interest, it was not able to show that Ohio could not adequately represent its interests in the proceedings.  In this case, Colerain and Ohio had perfectly aligned interests—to have the statutory revisions declared constitutional.  The trial court did not abuse its discretion in denying Colerain's motion to intervene.  Nor did it err in

---

8.  Id. at ¶ 69.

9.  (Apr. 10, 2002), 146 Ohio App.3d 526, 767 N.E.2d 286, overruled on other grounds, 99 Ohio St.3d 537, 2003-Ohio-4779, 795 N.E.2d 633.

10.  Id. at 541.

11.  Id.

12.  *Pfeiffer v. State Auto. Mut. Ins. Co.*, 1st Dist. No. C–050683, 2006-Ohio-5074, 2006 WL 2788265.  See also *Young v. Equitec Real Estate Investors Fund* (1995), 100 Ohio App.3d 136, 652 N.E.2d 234.

denying Ohio's motion to dismiss for failure to join a necessary party. Colerain's two assignments of error and Ohio's first assignment of error are overruled.

## One–Subject Rule

{¶ 13} Having concluded that the trial court did not err in refusing to permit Colerain's intervention, we turn to the substantive issue—whether the revisions to R.C. 303.211 and 519.211 violated the one-subject rule, which states that "[n]o bill shall contain more than one subject, which shall be clearly expressed in its title."[13]

{¶ 14} The purpose of the one-subject rule is "to prevent logrolling— ' * * * the practice of several minorities combining their several proposals as different provisions of a single bill and thus consolidating their votes so that a majority is obtained for the omnibus bill where perhaps no single proposal of each minority could have obtained majority approval separately.' "[14]

{¶ 15} Courts are hesitant to interfere with the legislative process. To that end, the Ohio Supreme Court has recognized that "[t]he one-subject rule * * * is merely directory in nature; while it is within the discretion of the courts to rely upon the judgment of the General Assembly as to a bill's compliance with the Constitution, a manifestly gross and fraudulent violation of this rule will cause an enactment to be invalidated."[15] Thus, "[t]o conclude that a bill violates the one-subject rule, a court must determine that the bill includes a disunity of subject matter such that there is 'no discernible practical, rational or legitimate reason for combining the provisions in one Act.' "[16] Despite the admonition regarding the deference afforded to legislative enactments, the Ohio Supreme Court has clarified that "we no longer view the one-subject rule as toothless. * * * The one-subject rule is part of our Constitution and therefore must be enforced."[17]

{¶ 16} We are guided by the Supreme Court's treatment of provisions included in other appropriation bills. The court acknowledged that the analysis of the

---

13. Section 15(D), Article II, Ohio Constitution.

14. *State ex rel. Dix v. Celeste* (1984), 11 Ohio St.3d 141, 142, 11 OBR 436, 464 N.E.2d 153, quoting 1A Sutherland, Statutes and Statutory Construction (4th Ed.1972), Section 17.01.

15. Id. at syllabus.

16. *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State Emp. Relations Bd.*, 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, ¶ 28, quoting *Beagle v. Walden* (1997), 78 Ohio St.3d 59, 62, 676 N.E.2d 506.

17. *Simmons–Harris v. Goff* (1999), 86 Ohio St.3d 1, 15, 711 N.E.2d 203. See also *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State Emp. Relations Bd.*

one-subject rule with respect to appropriations bills can be complicated because appropriations bills "encompass many items, all bound by the thread of appropriations."[18] In *Simmons–Harris,* the Ohio School Voucher Program was challenged under the one-subject rule. The program took just ten pages of an appropriations bill that was in its entirety over 1000 pages. The Supreme Court concluded that the program was little more than a rider to the appropriations bill.[19] In its decision, the court stated that "there [was] a 'blatant disunity between' the School Voucher Program and most other items contained in [the bill]."[20]

{¶ 17} Similarly, in *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State Emp. Relations Bd.,* the Ohio Supreme Court considered the General Assembly's revision of R.C. 3318.31 to exclude certain employees from the collective-bargaining process. The revision was accomplished with one line in what the court said could "be loosely described as an appropriations bill."[21] The court pointed out that there again was disunity between the budget-related items and the revision.[22] Further, the court pointed out, the record lacked "any explanation whatever as to the manner in which the amendment to R.C. 3318.31 will clarify or alter the appropriation of state funds."[23]

{¶ 18} Such is the case with the revisions made to R.C. 303.211 and 519.211. As in *Ohio Civ. Serv. Emp. Assn.,* the majority of Ohio's argument is directed to demonstrating that provisions in appropriations bills can survive challenges under the one-subject rule. But other than a tenuous argument that a $120 million appropriation for low-interest loans and grants to local governments for projects involving, among other things, solid-waste-disposal facilities would be affected by the revisions to R.C. 302.211 and 519.211, there is no evidence of the effect of the revisions on the state's biennial budget. In fact, a fiscal analysis done by the Ohio Legislative Service Commission concluded that "[t]he fiscal impact of [the revisions was] uncertain, but would likely mean that such facilities not zoned currently may be in the future." We conclude that there was "no discernible practical, rational or legitimate reason" for including the revisions to R.C. 303.211

---

18. *Simmons–Harris,* 86 Ohio St.3d at 16, 711 N.E.2d 203.

19. Id.

20. Id. See also *Gallipolis Care, L.L.C. v. Ohio Dept. of Health,* 10th Dist. No. 03AP–1020, 2004-Ohio-5533, 2004 WL 2341322.

21. *State ex rel. Ohio Civ. Serv. Emp. Assn. v. State Emp. Relations Bd.,* 104 Ohio St.3d 122, 2004-Ohio-6363, 818 N.E.2d 688, ¶ 32.

22. Id.

23. Id. at ¶ 34.

and 519.211 in the appropriations bill. The trial court properly concluded that the revisions violate the one-subject rule. Ohio's second assignment of error is overruled. And we therefore affirm the judgment of the trial court.

Judgment affirmed.

HENDON, P.J., and CUNNINGHAM, J., concur.