[Cite as *State v. Quinn*, 2024-Ohio-2194.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellant | : | C.A. No. 29981 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 2431 |
| | : | |
| JOHNATHON QUINN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 7, 2024

. . . . . . . . . . .

L. PATRICK MULLIGAN and TIMOTHY R. SAUNDERS, Attorneys for Appellee

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant, the State of Ohio, appeals from a judgment of the Montgomery County Court of Common Pleas ordering the Ohio State Highway Patrol ("OSHP") to: (1) release defendant-appellee Johnathon Quinn's vehicle and license plates, which were seized following Quinn's arrest for operating a vehicle while under the influence of alcohol or drugs ("OVI"); and (2) pay all costs associated with the towing, storage, and return of

Quinn's vehicle. Because the release of Quinn's vehicle and license plates was ultimately proper given the eventual dismissal of Quinn's OVI charge, the State's argument is moot as to the release of Quinn's vehicle and license plates. However, the judgment entry also orders the OSHP to pay all costs associated with the towing, storage, and return of Quinn's vehicle, and the issue of costs presents a live controversy. Therefore, we will address the assignments of error raised by the State related to costs. Having done so, and for the reasons outlined in this opinion, we find that the OSHP properly seized and retained Quinn's vehicle and license plates pursuant to R.C. 4511.195. We also find that the trial court erred and violated R.C. 4511.195 by ordering the OSHP to pay the aforementioned towing, storage, and return costs. Accordingly, the trial court's judgment will be reversed as to the costs imposed on OSHP.

### Facts and Course of Proceedings

{¶ 2} On September 26, 2023, a Montgomery County grand jury returned an indictment charging Quinn with one fifth-degree-felony count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(D)(1) and one first-degree-misdemeanor count of OVI in violation of R.C. 4511.19(A)(1)(a) and R.C. 4511.19(G)(1)(a). The indicted charges stemmed from a traffic stop of Quinn's vehicle in Harrison Township, Montgomery County, Ohio, on July 15, 2023. Quinn's interactions with the OSHP trooper who conducted the traffic stop resulted in the trooper's arrest of Quinn for the aforementioned charges and seizure of Quinn's vehicle and license plates.

{¶ 3} On October 10, 2023, Quinn appeared before the trial court for arraignment

and pled not guilty to the indicted charges. The trial court thereafter released Quinn on a conditional own-recognizance bond. Seven days later, on October 17, 2023, Quinn filed a Motion for Release of Vehicle and License Plates ("Motion for Release") pursuant to R.C. 4511.195. In the Motion for Release, Quinn requested the return of his vehicle and license plates on grounds that the charged OVI offense was his "second OVI in ten years[,]" which Quinn claimed only subjected his vehicle to immobilization for 90 days—a period of time that had since expired.

{¶ 4} On November 1, 2023, Quinn filed a supplemental brief in support of his Motion for Release. In the supplemental brief, Quinn indicated that the argument in his Motion for Release was based on R.C. 4511.19(G)(1)(b), which is the statute that sets forth the sentencing scheme applicable to second-time OVI offenders whose prior OVI conviction was committed within ten years. Quinn explained that if the vehicle driven during an OVI offense is registered in the offender's name, R.C. 4511.19(G)(1)(b) prescribes "immobilization of the vehicle involved in the offense for ninety days * * * and impoundment of the license plates of that vehicle for ninety days." Quinn therefore argued that the release of his vehicle was appropriate since his vehicle had been seized and retained by the OSHP for more than 90 days.

{¶ 5} Although Quinn had admitted to being a second-time OVI offender in his Motion for Release, in his supplemental brief, Quinn pointed out that the indictment had charged him as a first-time OVI offender since it charged him under the statute that sets forth the sentencing scheme for first-time OVI offenders—R.C. 4511.19(G)(1)(a). Quinn explained that the punishment prescribed for first-time OVI offenders in R.C.

4511.19(G)(1)(a) does not include the immobilization or criminal forfeiture of the offender's vehicle. Therefore, Quinn alternatively argued that the OSHP's seizure and retention of his vehicle had violated R.C. 4511.19(G)(1)(a). As a result of the alleged unlawful seizure and retention of his vehicle, Quinn not only requested the release of his vehicle and license plates but also for the trial court to order the OSHP to pay all costs associated with the towing, storage, and return of his vehicle.

{¶ 6} On November 13, 2023, the State filed a motion opposing the arguments in Quinn's Motion for Release and supplemental brief. In its motion, the State argued that the OSHP had lawfully seized and retained Quinn's vehicle and license plates pursuant to R.C. 4511.195. Specifically, the State argued that under R.C. 4511.195(B)(1)(a), an arresting officer is required to seize the vehicle and license plates of a person arrested for OVI in violation of R.C. 4511.19(A) if the vehicle driven during the offense was in the arrested person's name and if the arrested person had been convicted of one or more violations of R.C. 4511.19(A) or equivalent offenses within the past ten years.

{¶ 7} The State explained that Quinn had a 2017 conviction for OVI in Wayne County, Indiana, Case No. 89D03-1407-CM-000677, and therefore had been convicted of OVI within the previous ten years of the OVI offense charged in this case. Given Quinn's prior OVI conviction, and given that there was no dispute that Quinn had been driving a vehicle registered in his name when he was arrested for the OVI at issue, the State argued that the plain language of R.C. 4511.195 mandated the OSHP to seize Quinn's vehicle and license plates at the time of his arrest and to retain the vehicle until the final disposition of the OVI charge. The State also argued that R.C. 4511.195 only

required the State and its agencies to pay expenses for the towing, storage, and removal of a vehicle if the OSHP's impoundment of the vehicle was unlawful.

{¶ 8} After considering the parties' arguments, on November 15, 2023, the trial court issued a judgment entry granting Quinn's Motion for Release. In the entry, the trial court ordered Quinn's vehicle and license plates to be immediately released to Quinn. The trial court also ordered the OSHP to pay all costs associated with the towing, storage, and return of Quinn's vehicle on grounds that the OSHP was "the agency perpetuating the improper seizure and retention of [Quinn's] vehicle[.]"

{¶ 9} Pursuant to R.C. 2956.67(A), the State now appeals from the trial court's entry granting Quinn's Motion for Release. In support of its appeal, the State has raised two assignments of error for review. Because they are interrelated, we will address the assignments of error together.

**First and Second Assignments of Error**

{¶ 10} Under its first assignment of error, the State argues that the trial court erred as a matter of law by finding that the OSHP improperly seized and retained Quinn's vehicle and license plates. According to the State, the plain language of R.C. 4511.195 mandated the OSHP to take those actions. Under its second assignment of error, the State argues that the trial court violated R.C. 4511.195 by ordering the OSHP to pay all costs associated with the towing, storage, and return of Quinn's vehicle. As a result of these alleged errors, the State claims that we should reverse the trial court's judgment entry granting Quinn's Motion for Release in its entirety. Quinn, on the other hand,

claims the State's appeal should be dismissed as moot. For the reasons outlined below, there is some merit to the position of each party.

*Mootness*

**{¶ 11}** "As a general matter, courts do not decide moot issues." (Citations omitted.) *State v. Rohrig*, 10th Dist. Franklin No. 22AP-735, 2023-Ohio-3176, ¶ 55. "An issue is moot 'when it has no practical significance and, instead, presents a hypothetical or academic question.' " *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 55, quoting *State v. Moore*, 4th Dist. Adams No. 13CA987, 2015-Ohio-2090, ¶ 7. " '[T]he distinguishing characteristic of [moot] issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' " *Adams v. Village of Enon*, 2d Dist. Clark No. 2012-CA-42, 2012-Ohio-6178, ¶ 20, quoting 23 Ohio Jurisprudence 3d, Actions, § 26. Mootness "may be proved by extrinsic evidence outside the record." *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, ¶ 8, citing *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228, 729 N.E.2d 1181 (2000). *See also Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472, 597 N.E.2d 92 (1992).

**{¶ 12}** Quinn argues that the State's appeal is moot due to the outcome of the criminal proceedings in this case. Upon review, we find that the online docket of the Montgomery County Court of Common Pleas, of which we are permitted to take judicial

notice,[1] establishes that after the trial court granted Quinn's Motion for Release, Quinn entered a plea agreement with the State. Pursuant to the plea agreement, Quinn pled guilty to a bill of information charging him with one first-degree-misdemeanor count of having physical control of a vehicle while under the influence in violation of R.C. 4511.194(B)(1). In exchange for that guilty plea, the State agreed to dismiss the indicted counts for OVI in violation of R.C. 4511.19(A)(1)(a) and improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(D)(1).

{¶ 13} R.C. 4511.195(D)(3) provides that "[i]f the [OVI] charge * * * is dismissed for any reason, the court shall order that the vehicle and its license plates immediately be released to the arrested person." Therefore, because Quinn's OVI charge was dismissed, the trial court would have been required to order the immediate release of Quinn's vehicle and license plates had it not already done so by granting Quinn's Motion for Release. This means that even if we found the trial court had erred by granting Quinn's Motion for Release, there is no remedy that we can afford the State, because the release of the vehicle and license plates was ultimately proper given the eventual dismissal of the OVI charge. In other words, reversing the trial court's order for the release of Quinn's vehicle and license plates on appeal would have no practical effect on the parties' legal interests. Therefore, the State's argument that the trial court erred granting appellee's Motion for Release as it relates to the release of Quinn's vehicle and

---

[1] "[I]t is a common practice for appellate courts to take judicial notice of publicly accessible online court dockets." *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, fn. 1, citing *State v. McClurg*, 2d Dist. Darke No. 2019-CA-15, 2020-Ohio-1144, ¶ 8; *State v. Thompson*, 2d Dist. Montgomery No. 28449, 2019-Ohio-5140, fn. 1; *State v. Kempton*, 4th Dist. Ross No. 15CA3489, 2018-Ohio-928, ¶ 17.

license plates is moot, and we will not address it.

{¶ 14} The trial court also ordered the OSHP to pay all costs associated with the towing, storage, and return of Quinn's vehicle, which is a different matter. Although Quinn claims that the cost matter is also moot because he allegedly paid the costs himself, the judgment entry appealed from still contains an order making the OSHP responsible for paying the costs at issue. The State/OSHP therefore has a legally cognizable interest in having the trial court's judgment reversed in that respect, so that it cannot be held liable for the costs. Accordingly, we find that the cost issue raised under the State's second assignment of error is not moot. Furthermore, because the trial court found that the OSHP was responsible for the costs due because of improperly seizing and retaining Quinn's vehicle and license plates, the issue raised under the State's first assignment of error (whether the trial court erred as a matter of law by finding the seizure and retention of Quinn's vehicle and license plates improper) also is not moot. Therefore, it is necessary for this court to address both assignments of error raised by the State, albeit not in reference to the order releasing Quinn's vehicle and license plates.

*Standard of Review*

{¶ 15} "The [S]tate's arguments involve the interpretation and application of R.C. 4511.195, issues of law that we review de novo." (Citations omitted.) *State v. Lamke*, 2013-Ohio-925, 988 N.E.2d 913, ¶ 8 (1st Dist.). *Accord Omni Credit Servs. v. Leston*, 2d Dist. Montgomery No. 25287, 2013-Ohio-304, ¶ 21. "A court's primary purpose in interpreting or construing a statute is to give effect to the intention of the legislature, 'as

gathered from the provisions enacted, by the application of well[-]settled rules of interpretation.' " *Lamke* at ¶ 9, quoting *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph two of the syllabus. "To that end, we must first review the language the legislature used." *Id.*, citing *State v. Edwards*, 5th Dist. Perry No. 2012-CA-12, 2012-Ohio-5142, ¶ 16.

### R.C. 4511.195

{¶ 16} R.C. 4511.195 governs the seizure and retention of vehicles upon an OVI arrest. "Generally, R.C. 4511.195 requires law enforcement officers to seize and immobilize the vehicles of persons who have been arrested for a second offense of OVI until the final disposition of the OVI charge." *Lamke* at ¶ 10. More specifically, R.C. 4511.195(B)(1)(a) provides that upon an OVI arrest, the arresting officer shall seize the vehicle operated by the person arrested for the OVI offense and its license plates if: (1) "the vehicle is registered in the arrested person's name"; (2) "the person is arrested for a violation of [R.C. 4511.19(A)] or of a municipal OVI ordinance"; and (3) "within ten years of the alleged violation, the person previously has been convicted of or pleaded guilty to one or more violations of [R.C. 4511.19(A)] or one or more other equivalent offenses." R.C. 4511.195(B)(1)(a).

{¶ 17} R.C. 4511.195 further provides that: "A vehicle seized under [R.C. 4511.195(B)] shall be safely kept at the place to which it is towed or otherwise moved by the law enforcement agency that employs the arresting officer until the initial appearance of the arrested person relative to the charge in question." R.C. 4511.195(C)(1). "At or

before the initial appearance, the vehicle owner may file a motion requesting the court to order that the vehicle and its license plates be released to the vehicle owner." R.C. 4511.195(B)(4). "[S]ubject to the payment of expenses or charges incurred in the removal and storage of the vehicle, the court, in its discretion, then may issue an order releasing the vehicle and its license plates to the vehicle owner." *Id*. "Such an order may be conditioned upon such terms as the court determines appropriate, including the posting of a bond in an amount determined by the court." *Id*.

**{¶ 18}** "If the court issues an order for the release of the vehicle and its license plates, a copy of the order shall be made available to the vehicle owner." *Id*. "If the vehicle owner presents a copy of the order to the law enforcement agency that employs the law enforcement officer who arrested the arrested person, the law enforcement agency promptly shall release the vehicle and its license plates to the vehicle owner upon payment by the vehicle owner of any expenses or charges incurred in the removal and storage of the vehicle." *Id*.

**{¶ 19}** If there is no pretrial return of the seized vehicle and license plates, those items "shall be retained until the final disposition of the charge in question." R.C. 4511.195(D). Upon the final disposition of the OVI charge, the court is required to do whichever of the following is applicable:

(1)     If the arrested person is convicted of or pleads guilty to the [OVI offense] * * *, the court shall impose sentence upon the person as provided by law or ordinance and shall order the immobilization of the vehicle the person was operating at the time of the offense * * *

and the impoundment of its license plates * * * or the criminal forfeiture of the vehicle * * *, whichever is applicable.

(2)     If the arrested person is found not guilty of * * * [the OVI offense], the court shall order that the vehicle and its license plates immediately be released to the arrested person.

(3)     If the charge * * * is dismissed for any reason, the court shall order that the vehicle and its license plates immediately be released to the arrested person.

(4)     If the impoundment of the vehicle was not authorized under this section, the court shall order that the vehicle and its license plates be returned immediately to the arrested person or, if the arrested person is not the vehicle owner, to the vehicle owner, and shall order that the state or political subdivision of the law enforcement agency served by the law enforcement officer who seized the vehicle pay all expenses and charges incurred in its removal and storage.

R.C. 4511.195(D).

{¶ 20} "Except as provided in division (D)(4) * * *, the arrested person may be charged expenses or charges incurred in the removal and storage of the immobilized vehicle."   R.C. 4511.195(F)(1).


*Analysis*

{¶ 21} As discussed above, R.C. 4511.195(B)(1)(a) requires an arresting officer to

seize the vehicle and license plates of a person arrested for OVI in violation of R.C. 4511.19(A) if the vehicle driven during the offense was in the arrested person's name and if the arrested person had been convicted of one or more violations of R.C. 4511.19(A) or other equivalent offense within the past ten years. Here, there is no dispute that Quinn was arrested for OVI in violation of R.C. 4511.19(A)(1)(a) and that the vehicle Quinn was operating at the time of the offense was registered in his name. Although the record indicates that Quinn was indicted as a first-time OVI offender under R.C. 4511.19(G)(1)(a), Quinn admitted in his Motion for Release that he had a prior OVI conviction within the past ten years. The State also provided the trial court with information relative to Quinn's prior OVI conviction. Given that information and Quinn's admission, and given that nothing in R.C. 4511.195(B)(1)(a) requires the offender to be formally charged with having more than one OVI conviction within 10 years, but rather only requires such a prior OVI conviction to exist, we find that the OSHP's seizure and retention of Quinn's vehicle was mandated by R.C. 4511.195(B)(1)(a).

{¶ 22} Quinn argues that even if he is considered a second-time OVI offender, the OSHP's retention of his vehicle and license plates was unlawful under R.C. 4511.19(G)(1)(b) because that statute only subjected his vehicle to immobilization for 90 days—a period of time that had since expired when he filed his Motion for Release. Quinn's reliance on R.C. 4511.19(G) is misplaced, however, because that statute governs the punishments available when sentencing an OVI offender. At the time Quinn filed his Motion for Release, Quinn had not been found guilty of OVI and was not being sentenced but was requesting the pretrial release of his vehicle, a matter that is governed by R.C.

4511.195.   Simply put, R.C. 4511.19(G) had no bearing on the pretrial release of Quinn's vehicle and license plates or on law enforcement's authority to seize and retain his vehicle and license plates.   Accordingly, Quinn's claim that the OSHP's retention of his vehicle and license plates violated R.C. 4511.19(G)(1)(b) lacks merit.

{¶ 23} In light of the foregoing analysis, we find that the trial court erred as a matter of law by finding that the OSHP improperly seized and retained Quinn's vehicle and license plates, as that conduct was authorized by R.C. 4511.195.   As for the towing, storage, and return costs, R.C. 4511.195(D)(4) requires the law enforcement agency that seized the vehicle to pay all expenses and charges incurred in the vehicle's removal and storage only if the impoundment of the vehicle was not authorized by R.C. 4511.195. Here, because the impoundment of Quinn's vehicle was authorized by R.C. 4511.195, section (D)(4) of the statute did not apply to make the OSHP liable for the towing and storage costs.   Instead, the language in R.C. 4511.195(B)(4) indicates that Quinn was required to pay the costs in question.

{¶ 24} R.C. 4511.195(B)(4) provides, in relevant part, that:

At or before the initial appearance, the vehicle owner may file a motion requesting the court to order that the vehicle and its license plates be released to the vehicle owner.   Except as provided in this division and *subject to the payment of expenses or charges incurred in the removal and storage of the vehicle, the court, in its discretion, then may issue an order releasing the vehicle and its license plates to the vehicle owner.*   * * *   If the court issues an order for the release of the vehicle and

its license plates, a copy of the order shall be made available to the vehicle owner. If the vehicle owner presents a copy of the order to the law enforcement agency that employs the law enforcement officer who arrested the arrested person, the law enforcement agency promptly shall release the vehicle and its license plates to the vehicle owner ***upon payment by the vehicle owner of any expenses or charges incurred in the removal and storage of the vehicle.***

(Emphasis added.)

{¶ 25} The First District Court of Appeals found that the language in R.C. 4511.195(B)(4) indicates that "a vehicle owner is responsible for paying removal and storage fees if a pretrial motion for the vehicle's release is granted." *State v. Schulte*, 154 Ohio App.3d 367, 2003-Ohio-3826, 797 N.E.2d 517, ¶ 8 (1st Dist.). We agree with the First District's interpretation of R.C. 4511.195(B)(4). The plain language of the statute indicates that the trial court had discretion to grant Quinn's pretrial Motion for Release upon Quinn's (the vehicle owner's) payment of the costs at issue. Therefore, in addition to incorrectly finding that the seizure and retention of Quinn's vehicle and license plates were improper, the trial court violated R.C. 4511.195(B)(4) when it ordered OSHP to pay the associated costs in its entry granting Quinn's Motion for Release.

{¶ 26} We do, however, note that once Quinn's OVI charge was dismissed, the trial court would have had discretion to order either party to pay the costs had it not already ordered the OSHP to pay them in its entry granting Quinn's Motion for Release. R.C. 4511.195(F)(1) provides that unless the impoundment of the vehicle was

unauthorized, "the arrested person may be charged expenses or charges incurred in the removal and storage of the immobilized vehicle." The General Assembly's use of the term "arrested person" instead of "offender" indicates its intent for the court to charge even those acquitted of the OVI offense if the seizure and storage of the vehicle was authorized under the section. *Lamke,* 2013-Ohio-925, 988 N.E.2d 913, at ¶ 22. Accordingly, "R.C. 4511.195 provides the court with discretion in the event of an acquittal to charge the expenses and fees incurred for the removal and storage of the vehicle to either the arrested person or the specified governmental party, except where the impoundment of the vehicle was not authorized under the pretrial seizure and retention provisions of the statute." *Id.* at ¶ 24.

{¶ 27} That said, an appellate court cannot consider matters that occurred after the filing of a notice of appeal. *Sullivan v. Curry*, 2d Dist. Montgomery No. 23293, 2010-Ohio-5041, ¶ 54. Accordingly, we will not consider the dismissal of Quinn's OVI charge. Because the trial court's order for the OSHP to pay the costs in this case was made in response to a pretrial motion for the release of Quinn's vehicle and license plates, R.C. 4511.195(B)(4) required the trial court to order Quinn to pay the costs at issue. We therefore find that, based on R.C. 4511.195(B)(4), and because the trial court incorrectly found that the OSHP's seizure and retention of Quinn's vehicle was improper when it was in fact authorized by R.C. 4511.195, the trial court erred by ordering the OSHP to pay all costs associated with the towing, storage, and return of Quinn's vehicle.

{¶ 28} For all the foregoing reasons, the State's first and second assignments of error are sustained.

## Conclusion

**{¶ 29}** Having sustained the State's first and second assignments of error, the trial court's order for the OSHP to pay all costs associated with the towing, storage, and return of Quinn's vehicle is reversed.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.